Frederick RIVERS, by his mother and natural guardian, Ellen Rivers, Elizabeth McBride, Gloria Saeed, Margaret Demasi and Larry Capp, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Joseph CALIFANO, Individually and as Secretary of Health, Education and Welfare of the United States, Stanford Ross, Individually and as Commissioner of the Social Security Administration, Barbara Blum, Individually and as Commissioner of the New York State Department of Social Services, and Stanley Brezenoff, Individually and as Administrator of the Human Resources Administration of the City of New York, Defendants.

No. 79 Civ. 2407 (KTD).

United States District Court,
S. D. New York.

Jan. 14, 1980.

John E. Kirklin, Director of Litigation, The Legal Aid Society, New York City, for plaintiffs; Arthur J. Fried, John P. Cunningham, David Goldfarb, New York City, Joan F. Mangones, John T. McManus, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendants Joseph Califano and Stanford Ross; Katherine J. Trager, New York City, of counsel.

Robert Abrams, Atty. Gen., State of N. Y., New York City, for defendant Blum; Marion R. Buchbinder, Asst. Atty. Gen., New York City, of counsel.

Allen G. Schwartz, Corp. Counsel for the City of New York, New York City, for defendant Stanley Brezenoff; Mark L. Schwartz, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs, Frederick Rivers, by his mother Ellen, Elizabeth McBride, Gloria Saeed, Margaret Demasi and Larry Capp, on behalf of themselves and all others similarly situated, brought this action for declaratory and injunctive relief against the Secretary of Health, Education and Welfare [hereinafter referred to as "the Secretary"], the Commissioner of the Social Security Administration, the Commissioner of the New York State Department of Social Services and the Administrator of the Human Resources Administration of the City of New York. They allege the defendants' failure to properly implement the "interim assistance" plan provided for in the Supplemental Security Income Program [hereinafter referred to as "SSI"]. 42 U.S.C. § 1381 et seq.

Since it frequently takes an extended period of time to process federal SSI applications, the States may provide "interim as-

sistance" to meet an applicants basic needs while the application is pending. The SSI program provides that where such "interim assistance" has been paid by the State

the Secretary [referring to the Secretary of Health, Education and Welfare] may, upon written authorization by an individual, withhold benefits due with respect to that individual and may pay to a State (or a political subdivision thereof if agreed to by the Secretary and the State) from the benefits withheld an amount sufficient to reimburse the State (or political subdivision) for interim assistance furnished on behalf of the individual by the State (or political subdivision).

42 U.S.C. § 1383(g)(1) (Supp.1979).

However, before the State may receive such reimbursement, the State must have an agreement with the Secretary providing

(A) that if the Secretary makes payment to the State (or a political subdivision of the State as provided for under the agreement) in reimbursement for interim assistance . . . for any individual in an amount greater than the reimbursable amount authorized by paragraph (1), the State (or political subdivision) shall pay to the individual the balance of such payment in excess of the reimbursable amount as expeditiously as possible, but in any event within ten working days or a shorter period specified in the agreement; and

(B) that the State will comply with such other rules as the Secretary finds necessary to achieve efficient and effective administration of this subsection and to carry out the purposes of the program established by this subchapter, including protection of hearing rights for any individual aggrieved by action taken by the State (or political subdivision) pursuant to this subsection.

42 U.S.C. § 1383(g)(4).

New York State has such an agreement under which it is obligated to deduct, from the initial payment received from the Secretary, the amount of "interim assistance" provided and reimburse the difference to the applicant within ten working days of receipt of the initial payment. At the same time, the State must furnish the applicant with an explanation of the amount deducted. Article III.B Supplemental Security Income for the Aged, Blind and Disabled Agreement Between the Secretary of Health, Education and Welfare and the State of New York, Exhibit A to Plaintiffs' Memorandum.

In addition to the federal requirements, New York has its own eligibility criteria. In order to qualify for New York State "home relief", an applicant is required to apply for SSI benefits if it reasonably appears that he or she meets the federal criteria. In addition, the applicant is required

to sign a written authorization allowing the secretary of the federal department of health, education and welfare to pay to the social services district his initial supplemental security income payment and allowing the social services district to deduct from his initial payment the amount of home relief granted for any month in which he had applied for and been found eligible for supplemental security income benefits.

N.Y.Soc.Serv.Law § 158(a) (McKinney Supp.1980).

The named plaintiffs in this action are all New York City residents who have applied for SSI assistance and for interim "home relief" from the New York City Department of Social Services [hereinafter referred to as "DSS"]. In connection with their applications for interim assistance, they were required to sign authorizations allowing the entire initial SSI payment to be made to DSS. Accordingly, when the initial supplemental security payment, which included retroactive payments from the date of application, became available for each applicant, it was sent directly to DSS. Reimbursement of the excess over amounts paid in "interim assistance" together with an accounting was not made within ten working days as required by 42 U.S.C. § 1383(g)(4)(A) and the Secretary's agreement with New York State. Since the institution of the instant action, however, it appears that the named plaintiffs

have received their reimbursements and accounting. See Affidavit of Martin Burdick, Assistant Deputy Administrator of the Income Maintenance Program, dated December 13, 1979 at ¶ 17; Plaintiffs' Hearing Exhibit 2, ("updated information" on status of plaintiffs' claims).

In their complaint, the named plaintiffs charge that by withholding the *entire* initial SSI benefit, the Secretary and the Commissioner of the Social Security Administration denied them due process and equal protection under the Fifth and Fourteenth Amendments. They therefore seek to permanently enjoin the Secretary from withholding only so much of the initial SSI check as is necessary to reimburse the State and City. Furthermore, plaintiffs seek a judgment declaring the New York State's requirement that applicants sign the above mentioned authorization as a condition to receiving "home relief" to be constitutionally impermissible. N.Y.Soc.Serv.Law § 158; 18 N.Y.C.R.R. § 370.11. Finally, plaintiffs charge that the failure of the State and City defendants to send an accounting and reimbursement, if any, within ten working days as required by law violates not only the relevant statutory and regulatory provisions, but also the due process and equal protection clauses of the Constitution.

Plaintiffs now move for class certification under Fed.R.Civ.P. 23(c)(1) and for a preliminary injunction requiring remittance of their entire SSI benefit checks or a complete accounting of the amount withheld and a remittance of the excess, if any, over the reimbursement amount. A hearing on these motions was held on December 13, 1979. In addition, plaintiff-intervenors, Rita Carlson, Alicia Garcia, Ossie Van Osten and Margaret Haines now seek leave to intervene pursuant to Fed.R.Civ.P. 24(b).

*Motion to Intervene*

■ Since the claims of the proposed intervenors are virtually identical to those of the named plaintiffs and there are, therefore, common questions of law and fact, I hereby grant leave to intervene pursuant to Fed.R.Civ.P. 24(b). In so doing, I note that

it is still early in the course of this litigation. In addition, both the named plaintiffs and the intervenors are represented by the same counsel, The Legal Aid Society. Consequently, it does not appear that intervention will unduly delay or prejudice the adjudication of rights of the original parties.

In deciding the remaining motions for preliminary injunction and class certification, I will deem them to have been made as well on behalf of the plaintiff-intervenors.

*Preliminary Injunction*

■ It is well settled that a preliminary injunction will only issue upon a showing of:

(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

*Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979).

■ Plaintiffs [1] have submitted several affidavits indicating their "hand to mouth existence." Affidavit of Ellen Rivers, May 7, 1979, ¶ 14; Affidavit of Elizabeth McBride, April 27, 1979, ¶¶ 11, 12; Affidavit of Alicia Garcia, June 19, 1979, ¶ 12. While I am sympathetic to the financial plight of these individuals, it is clear that they have not made the requisite showing of irreparable harm so as to justify the issuance of a preliminary injunction.

Although the initial SSI benefit check is generally a large sum, as argued by plaintiffs, it is also true that much, if not all, of it is used to reimburse the State or City for "interim assistance." Consequently, the excess amounts due to the plaintiffs are quite small. Moreover, plaintiffs are now receiving monthly SSI benefit checks directly and cannot, therefore, claim a total lack of income. Finally, as noted above, the original affidavits in support of the instant motion were signed in April, May and June. Since that time, the motions were placed on the

---

1. Hereinafter, any reference to plaintiffs includes the four plaintiff-intervenors.

suspense calendar pending a possible settlement. Yet, in the intervening time, plaintiffs seem to have managed adequately and have not renewed their requests for a preliminary injunction.[2]

Moreover, on balancing the hardships, I find that under the circumstances presented, they tip in favor of defendants. Plaintiffs are receiving monthly assistance and are entitled to additional assistance in emergency situations under the New York Emergency Assistance to Adults program. On the other hand, defendants are finding it difficult or impossible to comply with the "ten working day" requirement and are making efforts to eliminate further delay. See Affidavit of Martin Burdick, December 13, 1979. In addition, if I directed, as suggested by plaintiffs, that the entire initial SSI check be sent directly to the applicant, the City would encounter significant problems in receiving the reimbursement it is entitled to. The financial effects of such a ruling on the City could well be quite adverse.[3]

*Class Certification*

■■■ As defined by plaintiffs, the class sought to be certified herein would be composed of "all residents of New York State who are or have been recipients of Home Relief benefits; who have applied for and been granted Supplemental Security Income Benefits and who have executed written authorizations allowing the defendant Secretary to withhold Supplemental Security Income benefits due them for the purpose of reimbursing the State or City defendant for interim assistance paid to them, but who did not receive, within ten working days of the date the State or City received such benefits, a complete accounting of the Supplemental Security Income benefits withheld by the State or City plus remit-

tance of the excess over the reimbursement amount, if any." Rule 23(a) requires that

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

Since the procedures challenged herein affect all New York City SSI applicants who received "interim assistance" while awaiting a determination on their application, I find that the numerosity requirement has been met.

Second, the questions of law or fact presented must be common to the class. This requirement has likewise been met. The same questions as to the constitutionality of the interim assistance scheme and the delays in remitting the excess to applicants are raised as to each member of the class. Such delays have been held a sufficiently common element to justify class certification. *See White v. Mathews*, 559 F.2d 852 (2d Cir. 1977).

However, it is the third and fourth elements of Rule 23(a) which present greater problems. Since the named plaintiffs have already received their remittance and accounting, it is not clear that they would have standing to bring suit on their own. It has been held that

> [a] plaintiff who is unable to secure standing for himself is certainly not in a position to "fairly insure the adequate representation" of those alleged to be similarly situated. In short, a predicate

---

**2.** In connection with this argument, it is worth noting that the Burdick Affidavit ' 17 and Plaintiffs' Hearing Exhibit 2 make it clear that at least the named plaintiffs have received their reimbursements and accounting.

**3.** In this regard, it is interesting to note some statistics. Figures presented by defendants indicate that in September, 1978, 53 percent of the initial SSI benefit checks received by the

City required no reimbursement at all to the applicants. In any event, it is alleged that due to administrative problems, many of the initial checks are, in fact, sent directly to applicants. The City has already suffered financial losses as a result of its inability to obtain reimbursement from these applicants. Affidavit of John Hickey, June 14, 1979 '', 9, 11.

to a party's right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class. (citation omitted).

*Mintz v. Mathers Fund, Inc.*, 463 F.2d 495 (7th Cir. 1972).

The problem has been resolved, however, because at least two of the intervenors, Rita Carlson and Alicia Garcia, have not received their reimbursements and, therefore, continue to have a live controversy.[4]

Once the intervenors are substituted for the present named plaintiffs, it is evident that the claims are typical of those of the class and that the plaintiffs have a strong enough stake in the outcome so as to fairly and adequately represent the class.

Accordingly, I certify this action as a class action under Rule 23(b)(2) subject to the following conditions and modifications. First, as noted above, the plaintiff intervenors who have not yet received reimbursement and accounting, must be substituted for the presently named representatives. Second, the class description proposed by plaintiffs will be modified so as to include:

all residents of New York City who are or have been recipients of Home Relief benefits; who have applied for and been granted Supplemental Security Income Benefits and who have executed written authorizations allowing the defendant Secretary to withhold Supplemental Security Income benefits due them for the purpose of reimbursing the State or City defendant for interim assistance paid to them, but who did not receive, within ten working days of the date the State or City received such benefits, a complete accounting of the Supplemental Security Income benefits withheld by the State or City plus remittance of the excess over the reimbursement amount, if any.

■ The class description has been limited to New York City residents because it is not clear, nor is it specifically alleged, that the challenged delays are occurring in Social Service districts in the State outside of New York City.[5] The alleged unconstitutionality of N.Y.Soc.Serv.Law § 158, a state statute, does not alter my conclusion that the class should be citywide as opposed to statewide. As stated in *Galvan v. Levine*, 490 F.2d 1255 (2d Cir. 1973),

an action seeking declaratory or injunctive relief against state officials on the ground of unconstitutionality of a statute or administrative practice is the archetype of one where class action designation is largely a formality, at least for the plaintiffs. . . . [W]hat is important in such a case for the plaintiffs or, more accurately, for their counsel, is that the *judgment* run to the benefit not only of

---

4. In any event, this case arguably fits into the case law developed in a line of class actions in which the representative plaintiffs' claim became moot at various points in time during the action. In such cases, an exception to the mootness doctrine was applied where the matter in suit was "capable of repetition, yet evading review." In *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), the Supreme Court indicated that

There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

*Id.* at 402, n.11, 95 S.Ct. at 559 n.11. *See also Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Where mootness occurs prior to class certification, however, the above

exception should apply only where the challenged action is of short duration such that it is likely that it would become moot as to any named plaintiff prior to cessation of the action. *Vun Cannon v. Breed*, 565 F.2d 1096, 1100 (9th Cir. 1977); *Zurak v. Regan*, 550 F.2d 86, 91–92 (2d Cir. 1977).

5. In his June 14, 1979 affidavit, John Hickey, Director of the Income Support Unit within the Division of Income Maintenance of the New York DSS indicated that

The local social services districts outside New York City, which contain 40% of those receiving interim assistance, have not experienced as great difficulty processing the initial SSI checks received by them as has the New York City District. In New York City the administrative problems are much more complex and it is much more difficult for it to overcome the delays created by SSA procedures.

*Id.* at ' 7.

the named plaintiffs but of all others similarly situated.

*Id.* at 1261. The New York City Social Service district appears to be having unique difficulties in administering the "interim assistance" program and the class certified herein includes residents directly affected thereby. Any ruling on the constitutionality of N.Y.Soc.Serv.Law § 158 and 18 N.Y.C. R.R. § 370.11 will be binding on the State for all applicants. Needless to say, the benefits of such a ruling favorable to plaintiffs would also benefit other applicants statewide. Accordingly, certification of a statewide class action in this case is unnecessary.

In accordance with the foregoing, plaintiff-intervenors' motion to intervene pursuant to Rule 24(b) is granted and plaintiffs' motion for preliminary injunction is denied. Furthermore, it is hereby ordered that the class be maintained pursuant to Rule 23(b)(2) as modified above.

SO ORDERED.