Frederick RIVERS, et al., Plaintiffs,

and

Rita Carlson, et al., Plaintiff-Intervenors,

v.

Richard SCHWEIKER, individually and as Secretary of the United States Department of Health and Human Services, et al., Defendants.

No. 79 Civ. 2407 (KTD).

United States District Court,
S. D. New York.

Aug. 21, 1981.
As Amended Aug. 27, 1981.

---

Kalman Finkel, John E. Kirklin, Director of Litigation, The Legal Aid Society, John P. Cunningham, David Goldfarb, Joan F. Mangones, John T. McManus, New York City, for plaintiffs and plaintiffs-intervenors; Arthur J. Fried, Kathleen A. Masters, Stuart Miller, Jeffrey Abrandt, Mary Ellen Klein, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for defendant

Blum; Marion R. Buchbinder, Asst. Atty. Gen., New York City, of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for municipal defendant; Mark Schwartz and Henry Adler, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs in this class action are recipients of federal Supplemental Security Income [hereinafter "SSI"] who, prior to their receipt of SSI, applied for and received "interim assistance" from the New York City Department of Social Services [hereinafter "NYCDSS"]. Plaintiffs challenge the administration of the interim assistance program in New York City contending that certain of defendants' policies and practices violate the United States Constitution as well as federal and state statutory and regulatory provisions.

Plaintiffs now seek an order amending the definition of the class and move for summary judgment against the defendants. Defendants cross-move for summary judgment against the plaintiffs.

## I.

The SSI program, established in 1972, provides financial assistance to the aged, blind and disabled. 42 U.S.C. §§ 1381–1383. This program replaced former state-administered cash assistance programs. Many states, however, continued to provide financial assistance to the SSI applicants during the period their SSI applications were pending. In order to reimburse these states or their political subdivisions for the interim benefits paid to SSI applicants, Congress created the Interim Assistance Program [hereinafter "IAP"]. 42 U.S.C. § 1383(g) et seq. Under the IAP, local agencies of the state may be reimbursed provided (i) the state enters into a reimbursement agreement with the Secretary of Health and Human Services [hereinafter the "Secretary"] and (ii) the Secretary receives written authorizations from the SSI applicants which allows the Secretary to withhold benefits due to an SSI recipient and pay to the state or subdivision thereof an amount sufficient to reimburse it for interim assistance provided to that individual. Id.; 20 C.F.R. §§ 476.525 and 416.1911 et seq.

New York State [the "State"] has entered an agreement with the Secretary whereby the State's 58 local social services districts may request and receive initial SSI benefits as reimbursement for interim assistance paid to SSI applicants. The agreement between the Secretary and the State and the regulations promulgated thereunder require all interim assistance applicants to sign an authorization which permits the Secretary to send the applicant's initial SSI benefit check to the local social services district as reimbursement for the interim assistance paid to them. 18 N.Y.C.R.R. § 370.11. The State's regulations mandate that the authorization be forwarded to the Secretary within five days after it is signed by the applicant, regardless of whether the applicant has been accepted for or is ever provided with interim assistance. 18 N.Y.C.R.R. § 370.11(c).

After the reimbursement authorization is received by the Secretary and the individual is found eligible for SSI benefits, the Secretary sends that individual's entire initial SSI benefit check, which includes benefits retroactive to the date of eligibility for SSI, to the local services district. Within ten working days after receipt of the SSI benefit check from the Secretary, local services district must send the recipient an accounting of the amount deducted as reimbursement for interim assistance provided and the excess, if any, of the SSI check over the amount of interim assistance paid within ten working days. 42 U.S.C. § 1383(g)(4), 20 C.F.R. § 416.1911, 18 N.Y.C.R.R. § 370.-11(c). The SSI applicant must also be notified in writing of his or her right to a hearing to contest the amount of SSI benefits withheld as reimbursement for interim assistance. 20 C.F.R. § 416.1921; 18 N.Y.C.R.R. § 370(d), (e).

The plaintiffs first claim that the notice used by the local services agency, in this

case the NYCDSS, to inform interim assistance recipients of the disposition of their initial SSI benefit checks does not satisfy statutory or Constitutional standards. Plaintiffs contend that the notices sent frequently fail to contain the date the authorization was signed and the period for which the initial SSI benefits were paid. Plaintiffs also claim that between December 9, 1974 and May, 1979, the NYCDSS sent no notices to class members who it determined were not entitled to the return of part of the initial SSI benefit check. Accordingly, plaintiffs move for a permanent injunction against further use by the State and the NYCDSS of notices which do not properly inform plaintiffs of the disposition of their initial SSI benefit check. Plaintiffs also seek an order requiring defendants to send proper retroactive notices to all class members who never received notices and to all class members provided with inadequate notices.

Plaintiffs' second claim is that the NYCDSS has failed to provide the required accounting and to remit any balance of the initial SSI benefit check within ten working days of receipt of the check as required by federal law. Thus, plaintiffs seek an order requiring the defendants to comply with the ten day statutory time period.

Finally, plaintiffs contend that the State's policy of requiring all local social services district to request initial SSI benefit checks for all applicants for state interim assistance regardless of whether the applicants are ever actually accepted for or receive such benefits from the NYCDSS is unconstitutional and violative of the Social Security Act. Plaintiffs object particularly to the State and NYCDSS practice of obtaining the initial SSI benefit checks belonging to individuals who never received interim assistance benefits. Plaintiffs ask that this practice be declared invalid and request an order requiring the defendants to obtain initial SSI benefit checks only for those individuals actually accepted under the state interim assistance program.

## II. *The Class*

■ The class in this case is currently composed only of SSI applicants and recipients who actually received interim assistance benefits from the NYCDSS. Thus, individuals who did not receive interim assistance benefits but whose initial SSI checks were nonetheless sent to the NYCDSS are not within the ambit of the existing class. Plaintiffs now request that the class definition be amended to include these latter individuals in the class. After carefully reviewing the proposed amendment to the class definition, I am satisfied that all requirements for class certification under Fed.R.Civ.P. 23 have been met.

First, it appears that about 432 checks, roughly 9 percent of the initial SSI benefit checks received by the NYCDSS during 1979, were issued to the NYCDSS on behalf of individuals who never received interim assistance. Joinder of all the individuals to whom these checks belonged would be impractical and, thus, the numerosity requirement of Rule 23 is met.

Second, the questions of law and fact raised by the proposed members of the class are sufficiently common to the existing class to justify class certification. *See White v. Matthews,* 559 F.2d 852 (2d Cir. 1977). All class members are concerned with the constitutionality of the interim assistance procedures and the delays in the forwarding of SSI funds by the NYCDSS to the recipients.

Third, the claims of the representative plaintiff-intervenor, Margaret Haines, are typical of the class[1] and, thus, the pursuit of her claims will inure to the benefit of the other members of the class. Moreover, the Legal Aid Society of New York City possesses the resources and experience neces-

---

1. Margaret Haines applied to the NYCDSS for interim assistance benefits and executed the required authorization permitting the Secretary to withhold and send to the NYCDSS her initial SSI benefit check. Despite the fact that her application was denied and she never received any interim assistance, the authorization she executed was sent to the Secretary. The NYCDSS never notified the Secretary that Ms. Haines' application was denied and, thus, her initial SSI benefit check was sent to the SSI.

sary to protect the interests of all the members of the proposed class. *Rivers v. Califano*, 86 F.R.D. 41 (1980 S.D.N.Y.) (Duffy, J.). Accordingly, the class in this case, as amended, will include not only:

all residents of New York City who are or have been recipients of Home Relief benefits; who have applied for and been granted Supplemental Security Income benefits and who have executed written authorizations allowing the defendant Secretary to withhold Supplemental Security Income benefits due them for the purpose of reimbursing the State or City defendant for interim assistance paid to them, but who did not receive, within ten working days of the date the State or City received such benefits, a complete accounting of the Supplemental Security Income benefits withheld by the State or City plus remittance of the excess over the reimbursement amount, if any, *Rivers v. Califano*, 86 F.R.D. 41 (1980 S.D.N.Y.) (Duffy, J.),

but also

all residents of New York City who are or have been applicants for Home Relief benefits, who have applied for and been granted Supplemental Security Income benefits, who have executed written authorizations allowing the defendant Secretary to withhold Supplemental Security Income benefits due them for the purpose of reimbursing the State or City defendant for interim assistance paid to them, and whose applications for interim assistance were denied, but whose initial S.S.I. benefit checks have been requested and received from the Secretary of Health, Education and Welfare by the State or City defendant.

I turn now to the specific claims asserted by the plaintiffs in their motion for summary judgment.

### III. *Notice To The Class*

■ Plaintiffs contend that the notice of a fair hearing and an accounting of the disposition of their initial SSI benefit checks sent to them by the NYCDSS fails to provide sufficient information to meet Constitutional due process standards. Plaintiffs also allege that in cases where the NYCDSS determined that the initial SSI check sent to the NYCDSS by the Secretary did not exceed the amount of interim assistance paid to the recipient, no notice concerning the disposition of that individual's initial SSI benefit check was sent to that individual in contravention of federal and state laws.

It may be true that the notice sent by the NYCDSS to the plaintiffs during the class period [2] did not comport with due process or statutory standards. That notice contained only the amount of the initial SSI award, the deduction the NYCDSS believed it was due as reimbursement for interim assistance provided and the balance owed to the recipient. Furthermore, plaintiffs claim that the notice frequently failed to indicate the period during which interim assistance benefits were provided and for which the NYCDSS was claiming reimbursement. With only the minimal information contained in the original notice form, it indeed may have been difficult for the plaintiffs—poor people who are aged, blind and disabled—to determine whether the figures were accurate or to effectively challenge the defendants' computations at a hearing before the agency.

In December of 1979, however, the defendants implemented a new notice which adequately addresses the plaintiffs' concerns. The new form notifies the recipient whether he is or is not entitled to a refund

---

**2.** The notice used by the NYCDSS during the class period to inform interim assistance recipients of the disposition of their initial SSI benefit checks provides, in relevant part:

In accordance with your authorization to the Secretary of the United States Department of Health, Education and Welfare of _____ your first Federal Supplemental Security Income payment in the amount of $_____

has been sent to this Department. The first payment includes benefits for the period from _____ to _____ 19__ during which period this Department furnished you Public Assistance in the amount of $_____ which has been deducted from the First Supplemental Security Income Payment. The balance of $_____ is enclosed herewith.

from his initial SSI check and provides him with a monthly accounting of the interim assistance furnished to him by the NYCDSS. It also contains detailed information about his SSI award such as the initial date of eligibility for SSI, the amount and issuance date of the first SSI grant and the date of its receipt by the NYCDSS. The recipient is clearly informed in the notice of his right to a fair hearing. Since the new notice substantially meets plaintiffs' concerns and adequately explains the agency's actions, I hereby approve the use of this notice hereinafter to inform plaintiffs, including those not entitled to any refund, of the disposition of their SSI benefit checks. Accordingly, plaintiffs' motion for a permanent injunction against the use of an inadequate notice form is denied.

■ In addition to a better form for future use, plaintiffs seek to have adequate notices supplied retroactively to those recipients who received inadequate notice during the period between 1974 and May of 1979. This motion is denied. The benefits of retroactive notice at this date are outweighed by the State's interest in promoting the efficient administration of the refund program to all members of the class in the future. Those recipients who doubt the accuracy of the defendants' reimbursement computations, including those who received no notice, may request a fair hearing.

## IV. *Refund Delay*

■ Plaintiffs next complain that they do not receive remittance of the excess of the initial SSI benefit check over the amount of interim assistance provided within the ten day working period mandated by the Social Security Act, federal and state regulations and the Interim Assistance Agreement between the federal government and the State. Plaintiffs note that in April, 1979, just prior to the institution of this lawsuit, an average period of more than thirty-eight working days elapsed be-

tween the date the initial SSI checks were received by the NYCDSS and the date the excess was sent to the recipient. During the pendency of this action, the defendants have reduced this period to approximately 16½ working days during November and December of 1979. Only 10.6 percent of the SSI checks received by the NYCDSS during November, 1979, however, were processed in a timely manner; that percentage declined to 1.3 percent in December, 1979.

Plaintiffs claim that this delay in the remitting their SSI checks is detrimental to the individuals who are forced to subsist on interim assistance benefits while awaiting the disposition of their SSI applications. They allege that incurring debt is frequently the only way to meet basic daily needs and avoid eviction and utility shut-offs.

Plaintiffs, therefore, seek an order requiring the State and the NYCDSS to mail the balance of the SSI benefit check and the notice of fair hearing and disposition within ten working days or forfeit the entire check to the recipient.

The difference between the monthly amounts provided to the plaintiffs by the State and by SSI is not reported in either the plaintiffs' or the defendants' papers. The fact that the average "excess" payment made to the plaintiffs by the NYCDSS was $433.22, however, indicates that the interim assistance payments are lower than the SSI benefits. Thus, each day past the permissible ten day period that an individual's SSI benefits are delayed in the NYCDSS office is a day that individual must survive on less than his or her entitlement.

The defendants plead that it is impossible to process the plaintiffs' SSI checks within the requisite time period. Why it takes more than two weeks to deduct the amount of interim assistance provided to the SSI applicant and to send the excess of the SSI check to the individual is not adequately explained.[3] It is also ironic that the

---

3. Defendants argue that it is impossible to comply with the ten-day requirement because the Secretary has not provided them with the information necessary to compute the amount

of interim assistance provided to the individual. Surely, the defendants keep their own records of how much interim assistance each individual was paid by them and can use those figures in

NYCDSS is able to process the authorizations for its own reimbursement and submit them to the Secretary within five days, but cannot compute and forward moneys owed to the plaintiffs within ten days. In any event, such delays are clearly forbidden by the federal, state and local regulations and cannot be tolerated by this court. The defendants must appeal to the legislature, not this court, for a change in the law. So long as the law allows a maximum of ten days within in which to process plaintiffs' checks, it is this court's duty to hold the defendants to that obligation. Whether or not the NYCDSS is able to reimburse itself within the ten day period, it must comply with the law and forward the SSI check to the individual upon the expiration of ten working days.[4]

Accordingly, plaintiffs' motion for order requiring the defendants to process the plaintiffs' SSI benefit checks and forward the excess over the reimbursement amount to the plaintiffs within the statutory period is granted.

## V.

Plaintiffs' final claim concerns the State's policy and practice of requiring interim assistance applicants to sign over their rights to the NYCDSS to receive their initial lump sum SSI grants. Plaintiffs specifically challenge 18 N.Y.C.R.R. § 370.11(c) which provides:

Within five days after execution of an authorization, the local social services department shall send a copy thereof, with the original signature, to the appropriate district Social Security office.

They point out that, because of this requirement, the Secretary forwards initial SSI benefit checks to the NYCDSS that are due to individuals who never received interim assistance. In New York City, approximately 9 percent of the initial SSI benefit

checks received by the NYCDSS belong to such individuals.

Plaintiffs argue that this regulation and practice directly contravenes the Social Security Act's specific prohibition against assignment of SSI benefits. 42 U.S.C. § 1383(d)(1). The only exception to this blanket prohibition is the provision under the IAP that permits assignment where interim assistance actually has been furnished by the State to the SSI recipient. 42 U.S.C. § 1383(g)(1).

Plaintiffs also contend that this practice is a violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the NYCDSS has taken property of individuals without any claim to those benefits.

Defendants justify the challenged practice on the grounds that it is necessary in order to recoup the interim assistance it has provided to the plaintiffs. Defendants claim that unless the Secretary receives the authorization before it processes the SSI application, the SSI check will go directly to the individual and neither the State nor the NYCDSS will receive any reimbursement for the interim assistance. They reject the idea of later notifying the Secretary that an interim assistance application has been denied and that, therefore, the initial SSI benefit check should go directly to the applicant and not to the NYCDSS. They claim that experience indicates that should an applicant successfully appeal a denial of his/her application, the Secretary, upon notification of the successful appeal, will not amend its records for a second time to indicate that the applicant's initial SSI benefits check should now go to the NYCDSS and not to the applicant.

The intent of the IAP is to reimburse states and their political subdivisions for the financial assistance they provide to SSI

computing the reimbursement to which it is entitled.

4. On January 14, 1980, I denied plaintiffs' motion for a preliminary injunction in this matter. *Rivers v. Califano*, 86 F.R.D. 41 (1980). I determined then that the hardships of requiring the

defendants to comply with the ten-day mandate under a preliminary injunction order outweighed the hardships to the plaintiffs. Now, however, defendants have had more than ample time to comply with the law and must do so.

applicants. A state, however, is not entitled to receive benefit checks belonging to individuals who never received any interim assistance. To require an assignment of the initial check as a prerequisite to applying for interim assistance, violates the Social Security Act and is unfair to those individuals who never receive any interim assistance.

The problems with the defendants' administrative relationship with the Secretary are not sufficient justification for requesting and receiving SSI benefits to which they have no claim. *Fuentes v. Shevin,* 407 U.S. 67, 86, 92 S.Ct. 1983, 1997, 32 L.Ed.2d 556 (1971). Only at the point the NYCDSS determines that an applicant is eligible for interim assistance, may it forward to the Secretary the applicant's authorization for reimbursement. Submission of an authorization at an earlier date is hereby permanently enjoined. The Secretary, the State and the NYCDSS are hereby ordered to modify their practices and procedures to implement the above injunction and insure that the NYCDSS is reimbursed, if not through the first check, then through subsequent SSI checks.

Settle order on five days' notice within twenty-one days of the date hereof.