692 F.2d 871
 Frederick RIVERS, by his mother and natural guardian, Ellen
RIVERS, Elizabeth McBride, Gloria Saeed, Margaret Demasi,
and Larry Capp, on behalf of themselves and all others
similarly situated, Plaintiffs-Appellants,
Rita Carlson, Alicia Garcia, Ossie Van Osten and Margaret
Haines, on behalf of themselves and all others
similarly situated,
Plaintiffs-Intervenors-Appellants,
v.
Richard SCHWEIKER, individually and as Secretary of Health
and Human Services of the United States, William Driver,
individually and as Commissioner of the Social Security
Administration, Defendants-Appellants,
Barbara Blum, individually and as Commissioner of the New
York State Department of Social Services, and James
Krauskopf, individually and as Administrator of the Human
Resources Administration of the City of New York,
Defendants-Appellees.
 No. 9, Docket 81-6257.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 20, 1982.
Decided Nov. 4, 1982.
 
 Jeffrey Abrandt, The Legal Aid Society, Staten Island Neighborhood Office, Staten Island, N. Y. (Kalman Finkel, Joan F. Mangones, Arthur J. Fried, Kathleen A. Masters, David Goldfarb, New York City, The Legal Aid Society, of counsel), for plaintiffs-appellants.
 Marion R. Buchbinder, Asst. Atty. Gen., State of N. Y., New York City (Robert Abrams, Atty. Gen. of the State of N. Y., George D. Zuckerman, Asst. Sol. Gen., State of N. Y., New York City, of counsel), for defendant-appellee Blum.
 Michael S. Adler, New York City (Frederick A. O. Schwarz, Jr., Corp. Counsel, Leonard Koerner, Carolyn E. Demarest, New York City, of counsel), for defendant-appellee Krauskopf.
 Before LUMBARD, MESKILL and CARDAMONE, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 Plaintiffs and intervenors, on behalf of themselves and all other Supplemental Social Security Income (SSI) recipients who applied for or received cash public assistance payments from the Human Resources Administration of the City of New York (City defendant) and the New York State Department of Social Services (State defendant) while awaiting approval of their application for SSI benefits from the United States Department of Health and Human Services (Federal defendant), appeal from so much of the judgment of the United States District Court for the Southern District of New York, Duffy, J., as denied in part plaintiffs' motion for summary judgment and granted in part the defendants' motion for summary judgment. Jurisdiction is asserted under 28 U.S.C. Secs. 1331 and 1343(3) (1976). The opinion of the district court is reported at 523 F.Supp. 783 (S.D.N.Y.1981).
 
 
 2
 The plaintiff class is comprised of elderly, blind, or disabled persons who have been found eligible on the basis of their income and resources to receive SSI benefits under 42 U.S.C. Secs. 1381-1383c (1976 and Supp.1982). Because the determination of SSI eligibility by the Federal defendant often takes more than one year, many states, including the State defendant, have voluntarily agreed to provide cash assistance payments to individuals during the period between the filing of an SSI application and the receipt of initial SSI benefits. Fearful that states would not provide interim relief without some guarantee of reimbursement, Congress in 1974 provided a mechanism called the Interim Cash Reimbursement Program (IAR), 42 U.S.C. Sec. 1383(g) (Supp.1982), whereby states could recoup interim assistance benefits paid to SSI applicants. To take advantage of the IAR, a state must (1) enter into a formal reimbursement agreement with the Federal defendant, and (2) obtain written authorization from the individual applying for SSI benefits permitting the Federal defendant to withhold the individual's initial SSI check and pay to the state an amount sufficient to reimburse for interim assistance provided the individual, 42 U.S.C. Sec. 1383(g)(1) (Supp.1982).
 
 
 3
 The plaintiffs filed suit in 1979 alleging that the defendants in implementing the IAR violated provisions of the Social Security Act and violated the plaintiffs' due process rights secured by the Fifth and Fourteenth Amendments. The plaintiffs demanded prospective and retrospective relief.
 
 
 4
 The plaintiffs' complaint alleged first that the defendants failed to comply with those portions of the statutes, regulations, and reimbursement agreement that require notice to be sent to interim assistance recipients detailing the disposition of their initial SSI benefit check;[1] in some cases notice was never sent, in others notice was deficient in that it failed to provide a detailed accounting of what the City defendant had retained as reimbursement. Although the City defendant implemented in 1979 a new notice procedure which satisfied the plaintiffs as well as the district court, the plaintiffs demanded that satisfactory notice be provided retroactively to those interim assistance applicants who received inadequate notice between 1974 and 1979. The district court denied the plaintiffs' request for an injunction commanding retroactive notice:
 
 
 5
 The benefits of retroactive notice at this date are outweighed by the State's interest in promoting the efficient administration of the refund program to all members of the class in the future. Those recipients who doubt the accuracy of the defendants' reimbursement computations, including those who received no notice, may request a fair hearing.
 
 
 6
 523 F.Supp. at 788.
 
 
 7
 The plaintiffs' complaint also alleged that the City defendant failed to comply with those portions of the statutes, regulations, and reimbursement agreement that required the City defendant to pay to interim assistance recipients within ten working days of receipt of the initial SSI benefit check an amount equal to the excess of the SSI payment over the reimbursement amount. See 42 U.S.C. Sec. 1383(g)(4)(A) (1976), 20 C.F.R. Sec. 416.1910(b) (1982). The district court denied plaintiffs' request for an injunction commanding the City defendant to remit to the recipient the entire SSI balloon check in the event the check is not processed within the statutory ten-day period. But the district court did grant "plaintiffs' motion for order [sic] requiring the defendants to process the plaintiffs' SSI benefit checks and forward the excess over the reimbursement amount to the plaintiffs within the statutory period." 523 F.Supp. at 789 (emphasis added).
 
 
 8
 A denial of injunctive relief cannot be overturned unless the plaintiffs here can demonstrate that the district court abused its discretion. Kaynard v. Mego Corp., 633 F.2d 1026, 1030 (2d Cir.1980); S.E.C. v. Bausch & Lomb, Inc., 565 F.2d 8, 18 (2d Cir.1977). An abuse of discretion in this context requires the absence of a reasonable basis for the district court's decision. 565 F.2d at 18.
 
 
 9
 * The plaintiffs complain that the district court improperly denied their demand for an injunction commanding the defendants to provide adequate retroactive notice. But the plaintiffs offer no support for the proposition that a past violation of due process[2] or a past statutory violation requires retroactive relief. Thus, plaintiffs are left to demonstrate that the district court abused its discretion. Although plaintiffs have mustered some evidence of present adverse effects from the past defective notice, they have not demonstrated that the wide discretion afforded the district court was abused.
 
 
 10
 A federal court "in wielding equity power, ... must weigh competing claims and determine where a preponderance of the equities lies." Rothstein v. Wyman, 467 F.2d 226, 234 (2d Cir.1972), cert. denied, 411 U.S. 921, 93 S.Ct. 1552, 36 L.Ed.2d 315 reh'g denied, 411 U.S. 988, 93 S.Ct. 2276, 36 L.Ed.2d 966 (1973). Social benefit programs, including the IAR, are dependent upon the cooperative efforts of federal, state, and local government. See id. at 232. In Rothstein v. Wyman, this Court balanced the equities and concluded that the public interest involved outweighed the private interest:
 
 
 11
 On the balancing issue, appellants argue not only that the administrative costs involved in the carrying out the court's order will be out of proportion to the benefits conferred, but will also impose additional strains upon an administrative mechanism already overburdened by the daily task of coping with the substantial demands of welfare administration. They also point out that retroactive payments will go to persons no longer on the welfare rolls, thereby preventing already inadequate state funds from being channeled to the persons whose needs are immediate and urgent.
 
 
 12
 We are not insensitive to the special incremental value of money to persons living at subsistence levels. At the same time, however, we cannot be sure that the persons from whom funds were withheld in 1969 have a present compelling need for them, or that it is provident, given existing deprivations which might be relieved, to order the expenditure of scarce funds as compensation for past suffering which, however deplorable, cannot be undone.
 
 
 13
 Id. at 234. The reasoning in Rothstein is applicable to the present case. The defendants argue that providing retroactive notice would be an exercise in futility which would adversely affect the processing of current applications. We agree.
 
 II
 
 14
 Appellants claim that the district court erred in denying their request for an injunction compelling the defendants to remit to the recipient the entire initial SSI benefit check in the event it is not processed within ten working days. This claim is premised upon two arguments. First, members of the plaintiff class suffer great harm when deprived of benefits. They face possible eviction from their homes and loss of the basic necessities of life. Second, plaintiffs argue that the initial SSI balloon check is an entitlement, the property of the recipient, which the City defendant cannot retain beyond ten days. Plaintiffs characterize the City defendant's access to the check as a limited privilege granted by statute. Thus, once the ten-day statutory period expires, the City defendant is without legal authority to retain the check.
 
 
 15
 The district court found that "[w]hether or not the [City defendant] is able to reimburse itself within the ten day period, it must comply with the law and forward the SSI check to the individual upon the expiration of ten working days." 523 F.Supp. at 789 (footnote omitted). Accordingly, the district court enjoined the defendants to "process the plaintiffs' SSI benefit checks and forward the excess over the reimbursement amount to the plaintiffs within the statutory period." Id. (emphasis added). The plaintiffs' complaint is that the district court should have gone one step further and ordered the defendants to hand over the entire SSI check after ten days.
 
 
 16
 Appellants have failed to demonstrate that the district court abused its discretion in fashioning the appropriate relief. In conjunction with the relief granted, the district court established a system for monitoring the defendants' compliance with the court's orders. As the defendants point out, the plaintiffs retain a remedy under Rule 70 of the Federal Rules of Civil Procedure should the City defendant fail to process SSI benefit checks within ten days. Rule 70 is designed to preclude recalcitrant parties from frustrating court orders and permits the court upon application of a party to divest title in property within the jurisdiction of the court and vest it in others. The plaintiffs' complaint is not that relief was not granted, but that the relief could have been fashioned in a more effective way. Clearly the form of relief granted is within the discretion of the district court and cannot be overturned unless it is without reasonable basis. There was a reasonable basis for the relief granted here. The district court's rulings are therefore affirmed.
 
 
 
 [1]
 An SSI recipient's initial SSI benefit check is a "balloon check" which includes benefits retroactive to the date eligibility was determined
 
 
 [2]
 The district court did not decide the constitutionality of the alleged deficient notice or whether it violated 42 U.S.C. Sec. 1383(g)(4) (1976). The district court did note that "[w]ith only the minimal information contained in the original notice form, it indeed may have been difficult for the plaintiffs--poor people who are aged, blind or disabled--to determine whether the figures were accurate or to effectively challenge the defendants' computations at a hearing before the agency." 523 F.Supp. at 787