Randolph McCARTHY, Jr.,
Plaintiff-Appellee,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES (85–1401), State of
Michigan, Department of Social Servic-
es, VanBuren County (85–1402), De-
fendants-Appellants.

Nos. 85–1401, 85–1402.

United States Court of Appeals,
Sixth Circuit.

Argued May 6, 1986.

Decided June 17, 1986.

Martin F. Palus, Erica Marsden, Asst. U.S. Attys., Grand Rapids, Mich., Mack A. Davis, Office of the General Counsel, Dept. of Health & Human Services, Baltimore, Md., for Secretary of Health and Human Services.

Astra K. Bremanis, Kalamazoo, Mich., for McCarthy.

Frank J. Kelley, Atty. Gen., Louis J. Caruso, Sol. Gen., William K. Basinger, Asst. Atty. Gen., Lansing, Mich., for State of Mich., Dept. of Social Services, Van Buren County.

Before KENNEDY and MILBURN, Circuit Judges, and JOINER, Senior District Judge.[*]

MILBURN, Circuit Judge.

Plaintiff, an attorney who represented two claimants in successful claims for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83, brought this action challenging the procedure by which the Secretary paid the past due benefits. On appeal, we are asked to decide whether a district court has the authority to order the Secretary of Health and Human Services to withhold attorney fees from an SSI claimant's past due benefits and pay the fees directly to the claimant's attorney. For the reasons that follow, we hold the district court lacks such authority.

---

[*] The Honorable Charles W. Joiner, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

## I.

As stated, the claimants in the proceedings underlying these consolidated appeals, while represented by plaintiff, were awarded SSI benefits. Dennis Brown was awarded benefits by the district court, and Donald Clark was awarded benefits by an Administrative Law Judge. The Secretary, pursuant to 42 U.S.C. § 1383(g) and 20 C.F.R. § 416.1910 [1], sent the claimants' first SSI benefits checks, which include past due benefits, to the Michigan Department of Social Services ("DSS") as repayment for interim assistance supplied by the State of Michigan during the pendency of the SSI claims before the Secretary and the courts. After deducting payment for the interim assistance previously paid to the claimants, the Michigan DSS forwarded the balance to the claimants.

Plaintiff thereafter brought this action alleging that this procedure resulted in the withholding of reasonable attorney fees from plaintiff "contrary to the United States Constitution, applicable statutes and regulations." Plaintiff argued, and the district court agreed, that the Secretary should have deducted attorney fees from the SSI past due benefit awards prior to reimbursing the Michigan DSS. We disagree.

## II.

### A.

As an initial matter, we note that plaintiff has argued that the Secretary improperly calculated the fees awarded in regard to his representation of Mr. Clark. It appears plaintiff was awarded an "attorney fee" of $380.00 at the administrative level for his services on Mr. Clark's behalf when that figure only represented expenses incurred for a psychiatric examination.

■ Although plaintiff's claim with regard to his representation of Mr. Clark may indeed be meritorious, we are of the opinion that this claim is beyond review by the federal courts. Because Mr. Clark's benefits were awarded at the administrative level, only the Secretary may determine the amount of and grant attorney fees. *See Webb v. Richardson,* 472 F.2d 529, 536 (6th Cir.1972) (tribunal which ultimately awards benefits is the only tribunal that can approve attorney fee). Thus, the district court cannot set the amount of fees regarding plaintiff's representation of Mr. Clark since it was not the tribunal which awarded his benefits. Had the district court awarded Mr. Clark's benefits, it would have had jurisdiction to make an award of a fee to plaintiff as Mr. Clark's attorney.

■ Moreover, the federal courts are without jurisdiction to review the amount of the legal fees awarded by the Secretary. In *Schneider v. Richardson,* 441 F.2d 1320 (6th Cir.), *cert. denied,* 404 U.S. 872, 92 S.Ct. 101, 30 L.Ed.2d 117 (1971), we interpreted 42 U.S.C. § 406(a) as committing to the Secretary's discretion the setting of legal fees for administrative representation of Title II social security claimants. Accordingly, judicial review is foreclosed under the Administrative Procedure Act, 5 U.S.C. § 701(a). *Schneider,* 441 F.2d at 1321. *Accord Copaken v. Secretary of Health, Education and Welfare,* 590 F.2d 731 (8th Cir.1979) (per curiam); *Chernock v. Gardner,* 360 F.2d 257, 259 (3d Cir.1966). With one exception not applicable to the present issue, Congress intended the attorney fee provisions in Title II regarding representation before the Secretary to be applicable in Title XVI cases. *See infra* p. 744. Therefore, the result reached in *Schneider, Copaken* and *Chernock* under Title II, 42 U.S.C. § 406(a) is equally appli-

---

1. Pursuant to 42 U.S.C. § 1383(g) and 20 C.F.R. § 416.1901 *et seq.,* the individual states are authorized to enter into agreements with the Social Security Administration whereby the state will provide interim assistance to SSI claimants during the pendency of their claims. Once the Secretary determines the amount of the past due benefits to be awarded, the grant is forwarded directly to the state which reimburses itself for the costs of the interim assistance. The balance is then paid to the claimant. *See generally Rivers v. Schweiker,* 692 F.2d 871 (2d Cir.1982), *cert. denied,* 460 U.S. 1088, 103 S.Ct. 1783, 76 L.Ed.2d 353 (1983).

cable to awards made by the Secretary under Title XVI, 42 U.S.C. § 1383(d).

Furthermore, we are aware of no other statutory basis for judicial review of a fee determination made by the Secretary. *See Byrd v. Harris,* 509 F.Supp. 1222, 1224–25 (E.D.Tenn.1981), *aff'd without opinion,* 701 F.2d 174 (6th Cir.1982) (no review under 42 U.S.C. § 405(g) by attorneys because they are not "parties" to the administrative proceeding). *See also Copaken,* 590 F.2d at 731. Thus, as to the amount of fees awarded by the Secretary for plaintiff's representation of Mr. Clark, plaintiff must look to the Secretary for reconsideration.

## B.

■ Turning to the central issue raised in this appeal, the Secretary argues that the district court lacks the authority to order the Secretary to withhold attorney fees from the claimants' SSI benefits and to pay them directly to the plaintiff attorney.[2] The Secretary argues that although such authority is provided in the Title II (disability) context, *see* 42 U.S.C. § 406(b)(1), no such authority is present in Title XVI. In order to resolve this issue, a brief review of the history of Titles II and XVI is necessary. *See generally Reid v. Heckler,* 735 F.2d 757 (3d Cir.1984); *Adams v. Secretary of Health and Human Services,* 596 F.Supp. 449 (N.D.N.Y.1984).

Prior to 1965, Title II had no provision authorizing a district court to award attorney fees to a claimant's attorney.[3] However, in *Celebrezze v. Sparks,* 342 F.2d 286 (5th Cir.1965), the Fifth Circuit rejected the Secretary's challenge to the district court's order that the Secretary make past due disability payments payable jointly to the claimant and his attorney. The court concluded that 42 U.S.C. § 405(g) "confers upon the district court full judicial power to deal with the litigation ... including the power ... to provide for the payment from the past due benefits recovered by the claimant in the litigation of counsel fees for conducting it." *Id.* at 288.[4] The court found this result consistent with a policy of assuring adequate legal representation for disability claimants, who are often in strained financial circumstances. *Id.* at 289. In 1965, Congress, "in effect, incorporated the *Sparks* rationale into Title II by an amendment." *Reid,* 735 F.2d at 761. The amendment was codified at 42 U.S.C. § 406(b)(1).[5]

In 1972, Congress enacted Title XVI. "Its hearing procedures were to be the same as under section 405(g) of Title II except that determinations of fact made by the Secretary would be conclusive and not subject to judicial review." *Reid,* 735 F.2d at 761. Despite incorporating large portions of Title II, Congress did not incorporate 42 U.S.C. § 406(b)(1). However, "[t]he Secretary could set maximum fees for representation before the agency, but there was no provision for payment directly to the attorney." *Reid,* 735 F.2d at 761. In this connection, the House Ways and Means Committee reported:

> Where an individual who has requested a hearing is represented before the Secretary by an attorney, the provisions of the cash social security program (pertaining to attorney fees) would be applicable except that there would be no withholding of attorney fees from such individual's benefits. Your committee believes that

---

**2.** The Secretary does not question the authority of the district court to set the amount of attorney fees for legal services rendered on behalf of Mr. Brown before the court and at the administrative level as the district court did award benefits to Mr. Brown.

**3.** There was a provision for attorney fees in connection with representation before the Secretary. *See Reid,* 735 F.2d at 760 (citing 42 U.S.C. § 406 (1964)).

**4.** The court relied on that part of 42 U.S.C. § 405(g) which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a hearing. * * *" 342 F.2d at 288 n. 3.

**5.** The provision regarding fees for representation before the Secretary was recodified at 42 U.S.C. § 406(a).

to withhold such fees would be contrary to the purpose of the program.

H.R.Rep. No. 231, 92d Cong., 2d Sess. 3, *reprinted in* 1972 U.S.Code Cong. & Ad. News 4989, 5142.

In response to a "hearing crisis" in SSI cases and assertions that SSI claims were accorded "second-class justice," *see Adams*, 596 F.Supp. at 452, Congress amended Title XVI in 1975 "to apply the same rules of judicial review to title XVI cases as apply to title II cases." S.Rep. No. 550, 94th Cong., 1st Sess. 4, *reprinted in* 1975 U.S.Code Cong. & Ad.News 2347, 2350.

Against this legislative history, the federal courts have reached conflicting conclusions as to the issue facing us today. The reasoning of the *Reid* line of cases is that the absence of the incorporation of section 406(b)(1) into Title XVI means no more than that that section cannot be relied on as authority for a district court to order the Secretary to award fees directly to an attorney·in a Title XVI case. On the other hand, the 1975 amendment establishing "the same rules of judicial review to title XVI cases as apply to title II cases," is said to bring with it the *Sparks* interpretation. *See Reid*, 735 F.2d at 761. *Cf. Vaughn v. Califano*, 442 F.Supp. 185, 187 (E.D.Tenn. 1977) (attorney fee provision in section 406(b)(1) is integral part of section 405(g) review); *accord, Dolin v. Harris*, 501 F.Supp. 97, 98 (D.Md.1980); *Adams*, 596 F.Supp. at 452. The *Reid* court distinguished the above-quoted 1972 House Committee Report because the Committee was referring to representation before the Secretary. 735 F.2d at 761. The *Adams* court believed the Report was outweighed by the "clear legislative intent of the [1975] amendment making SSI cases subject to the same judicial review as disability cases." 596 F.Supp. at 453.

The Secretary's argument, on the other hand, begins with the proposition that in the absence of statutory authority, a district court cannot order the Secretary to pay a portion of benefits found due a Title XVI claimant directly to the claimant's attorney. *See Baim v. Harris*, 515 F.Supp.

227 (N.D. Ohio 1981); *Franklin v. Secretary of Health and Human Services*, 525 F.Supp. 398, 399 (E.D.Mich.1981). This position is buttressed by the fact that Congress has never chosen to incorporate into Title XVI a provision from Title II permitting such payments.

We find the Secretary's interpretation of Title XVI, as a matter of statutory construction, to be more persuasive and entitled to deference. *See Detson v. Schweiker*, 788 F.2d 372, 374–75 (6th Cir.1986) (Secretary's interpretation of statute accorded great deference). First, contrary to the position taken in *Sparks*, we are hesitant to find in the general language of section 405(g) the authority to order the Secretary to make benefits payable to one other than the individual to whom the benefits are statutorily due. Second, although the 1972 House Report was referring to attorney fees generated before the Secretary, we have no reason to believe the Committee would have taken a contrary position as to fees generated in federal court. If "to withhold such fees would be contrary to the purpose of the program," this should be the result no matter before what tribunal the fees are generated.

Furthermore, we are not persuaded that this express statement of Congressional policy is outweighed by the "clear legislative intent of the [1975] amendment making SSI cases subject to the same judicial review as disability cases." *Adams*, 596 F.Supp. at 453. The 1975 amendments reflect no concern by Congress over the payment of attorney fees. Rather, the amendments "were precipitated by criticism over the use of certain hearing examiners and the restrictive scope of judicial review." *Reid*, 735 F.2d at 761.

Further support for the Secretary's position is evidenced by the particular procedure followed in these cases. As previously stated, after determining the amount of past due benefits, the Secretary sent the claimants' checks to the Michigan DSS, pursuant to 42 U.S.C. § 1383(g). After deducting payment for the amount of interim assistance paid the claimants during the

pendency of their claims, the Michigan DSS forwarded the balance of the benefits to the claimants in accordance with the command of section 1383(g)(4)(A). In our view, this clear procedure set forth by Congress for reimbursing a state which has provided interim assistance pursuant to section 1383(g) is contrary to the relief ordered by the district court in the instant case.

In conclusion, although the result reached in the *Reid* line of cases may reflect sound policy—insuring adequate representation of SSI claimants—we believe such a result hints of judicial legislating. As evidenced by the enactment of 42 U.S.C. § 406(b)(1), Congress has been aware of the present problem and possible solutions but has declined to enact such legislation in Title XVI.

### III.

Accordingly, we hold that the district court may set the amount of the fees for services rendered by plaintiff in representing Mr. Brown since it awarded his benefits. However, the district court has no authority to order the Secretary to withhold and pay those fees directly to the attorney out of the claimant's award. Furthermore, under our holding in *Schneider v. Richardson, supra,* the district court may not determine or review the amount of the attorney fees in regard to the representation of Mr. Clark, because his benefits were awarded at the administrative level.

The decision of the district court is therefore REVERSED, and these consolidated cases are REMANDED for further proceedings consistent with this opinion.