816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Matter of Dorothy MULLANNIX,
In re Mark Howard.
Virgil TURNER, Plaintiffs-Appellees,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 Nos. 86-5420, 86-5433.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant the Secretary of Health and Human Services appeals the orders of the district court requiring appellant to set aside attorney fees. Two separate orders, one for appellee Mullannix and the other for appellee Turner, are at issue in this consolidated appeal. The attorney fees in question were to be withheld from monies awarded to Mullannix and Turner in their successful claims for benefits under Title XVI of the Social Security Act, 42 U.S.C. Secs. 1381-83. We are asked to decide for each claimant whether a district court has the authority to order the Secretary to withhold attorney's fees from a Title XVI ("SSI") claimant's past due benefits and pay the fees directly to the claimant's attorney. Because this question has already been answered in the negative by this circuit in McCarthy v. Secretary of Health and Human Services, 793 F.2d 741 (6th Cir.1986),[1] we vacate the order of the district court as to Mr. Turner.
 
 
 2
 As to appellee Mullannix, we find we lack jurisdiction over the appeal due to mootness. By admission in the briefs of both parties, Ms. Mullannix has already paid her attorney the requested fee. The attorney has also assured this court that no action will be taken to enforce an order for the Secretary to remit monies already paid. Hence, the issue is moot and the appeal is hereby DISMISSED.
 
 
 
 [1]
 We note that McCarthy was not decided as of the date of the district court's orders and therefore not available to the court's otherwise careful and perceptive analysis