Teresa MONTES, Lucy Rosario and Carmen Brown, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Stanley BREZENOFF, Individually and in his capacity as Commissioner of the New York City Department of Social Services, and Barbara Blum, Individually and in her capacity as Commissioner of the New York State Department of Social Services, Defendants.

No. 79 Civ. 2731.

United States District Court, S. D. New York.

Jan. 9, 1980.

---

* There was not submitted with such written motion a brief with authorities as required by local Rule 12(a).

Louis B. York, Catherine P. Mitchell, New York City, for plaintiffs; Victor Olds, Manhattan Legal Services Corp. and Daniel Wise, Community Action for Legal Services, of counsel.

Lloyd B. Silverman, New York City, for plaintiffs-intervenors; Charles O'Bryan, Bronx Legal Services Corp. C, New York City, of counsel.

Allen G. Schwartz, Corp. Counsel for the City of New York, New York City, for defendant Stanley Brezenoff; Susan Rosenberg, Asst. Corp. Counsel, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for defendant Barbara Blum; Arlene R. Silverman, Asst. Atty. Gen., New York City, of counsel.

LASKER, District Judge.

In this suit, the plaintiffs challenge certain practices and policies of the New York State and City Departments of Social Services as contrary to federal law and the federal Constitution. Plaintiffs move for an order certifying that the action is to be maintained as a class action pursuant to Rule 23(a) and Rule 23(b)(1) and (2). The motion is granted.

■ In opposing the motion, neither of the defendants argues that the requirements of Rule 23 are not satisfied in the circumstances of this case. Instead, they rely exclusively on the argument that a Second Circuit "judicial policy . . . mandates denial" of the plaintiffs' motion, since the declaratory and injunctive relief sought by the plaintiffs "will protect all individuals who are or may be subject to the challenged governmental practices or policies without the need for class designation or certification." Defendant Brezenoff's Memorandum of Law at 4–5.

Defendants assert that *Galvan v. Levine*, 490 F.2d 1255 (2d Cir. 1973) establishes this purported "judicial policy", but *Galvan* es-

tablishes only that in the circumstances of that case the district court did not err in denying class certification. There the defendant had made it clear that it understood that the court's judgment would bind it with respect to all members of the proposed class, and had, in fact, withdrawn the challenged policy "even more fully than the court ultimately directed and stated it did not intend to reinstate the policy." Furthermore, as a result of this action on the defendant's part, the practical significance of the denial of class certification was minimal, while the practical problems that would have been posed had a class been certified were substantial. *Id.* at 1261–62. Neither circumstance exists here. Not only have the present defendants not withdrawn their challenged policy, but they have not bound themselves to accord all members of the proposed class the benefits of any judgment obtained by the plaintiffs. Moreover, on at least one prior occasion when this court declined to certify a class in the belief that to do so would be redundant, because declaratory relief would protect all those subject to the challenged government regulations, the predecessor of one of the defendants here did not feel bound to give effect to the declaratory judgment invalidating those regulations except with regard to the plaintiffs who obtained it, with the predictable result that a duplicative suit was filed (and maintained as a class action), and the regulations invalidated for a second time. See *Doe v. Lavine*, 347 F.Supp. 357 (S.D.N.Y.1972) and *Lewis v. Lavine*, 72 Civ. 4249 (S.D.N.Y., opinion of March 6, 1973) (Brieant, J.).

Finally, it must be noted that the defendants' argument cuts both ways: if class relief will require nothing more of the defendants than the relief sought by the individual plaintiffs, one wonders why the defendants oppose class certification so vigorously. It is difficult to escape the conclusion that as is too often the case, the defendants' opposition represents nothing more than a knee-jerk reaction to a motion of this kind. It may be added that certification will work to the defendants' benefit if they should prevail. A judgment in their favor would bind class members who might otherwise commence a new action challenging the practices at issue here.

■ Since the requisites for class action certification exist here, it is appropriate, in the circumstances, to certify a class. Since it is possible that this action is already moot with respect to some or all of the named plaintiffs, certification will relate back to the date of the filing of the complaint. *See Sosna v. Iowa*, 419 U.S. 393, 402, n. 11, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

\* \* \* \* \* \*

■ Two individuals move to intervene in this action. Since they are members of the class, and have identified no concrete reason why the prosecution of this action would be benefited if they were also named plaintiffs, except insofar as their intervention would prevent the case from becoming moot, their motion is denied.

\* \* \* \* \* \*

For the reasons stated, the motion to intervene is denied and the plaintiffs' motion for class certification is granted. The defendants do not object to the definition of the class in the complaint; the class shall consist of those individuals described in ¶ 8 of the complaint, as of the date of the filing of the complaint.

Submit order on notice.