Ruth KOW, on behalf of herself and all others similarly situated, Plaintiff,

v.

The NEW YORK CITY HOUSING AUTHORITY; Joseph Christian, as Chairman of the New York City Housing Authority; Blanca Cedeno, as a Member of the New York City Housing Authority; and Walter S. Fried, as a Member of the New York City Housing Authority, Defendants.

No. 81 Civil 4870.

United States District Court, S. D. New York.

Nov. 2, 1981.

Joan Mangones, The Legal Aid Society, Staten Island, N.Y., John E. Kirklin, The Legal Aid Society Civil Appeals & Law Reform Unit, New York City, for plaintiff; Douglass J. Seidman, Staten Island, N.Y., James C. Francis, IV, New York City, of counsel.

Michael M. Cohen, Gen. Counsel, New York City Housing Authority, New York City, for defendants; Arthur R. Scott, Jr., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff moves to certify her action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of "all persons who reside or have resided in apartments operated by the New York City Housing Authority and who have been, are or will be entitled to retroactive income benefits after receiving public assistance benefits, and whose total rental obligation to the Authority would have been less had their application for income benefits been initially accepted rather than denied." The gravamen of plaintiff's complaint is that she and others like her have been overcharged for rent by the New York City Housing Authority. Plaintiff seeks declaratory and injunctive relief against the Authority as well as damages of $1540 representing the amount she claims she was overcharged.

The issue is whether class certification is necessary where as here, plaintiff is asking for declaratory and injunctive relief against a public agency and public officials. This Court in *Feld v. Berger*, 424 F.Supp. 1356, 1363 (S.D.N.Y.1976), in denying class certification when the defendants were public officials stated,

[t]he Court assumes these public officials, mindful of their responsibilities, will apply the determination here made equally to all persons similarly situated. "[I]t would be unthinkable that these defendants would insist on other actions being brought" to vindicate the same rights at issue here. (citing *Vulcan Society v. Civil Service Comm'n*, 490 F.2d 387, 399 (2d Cir. 1973).

Where, as in this case, there is no reason to doubt that the defendants would accord to all members of the proposed class the benefits of any judgment accorded the plaintiff, class certification has been denied. Compare *Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir. 1973), *cert. denied* 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1973); *Rivers v. Califano*, 86 F.R.D. 41, 46 (S.D.N.Y.1980); *Tyson v. New York City Housing Authority*, 369 F.Supp. 513, 516 (S.D.N.Y.1974); *McDonald v. McLucas*, 371 F.Supp. 831, 833–34 (S.D.N.Y.1974) with *Montes v. Brezenoff*, 85 F.R.D. 130, 132 (S.D.N.Y.1980); *Bacon v. Toia*, 437 F.Supp. 1371, 1383 (S.D. N.Y.1977), aff'd mem., 580 F.2d 1044 (2d Cir. 1978).

Further, while plaintiff has shown through the use of inferences drawn from statistical data that the proposed class may contain over 700 persons, neither plaintiff nor the defendants have personal knowledge of even a single additional case similar to the plaintiff. Thus, it is unclear whether the proposed class satisfies the numerosity requirement of Rule 23.

For the foregoing reasons, the Court finds that class certification is neither necessary nor appropriate and therefore the motion is denied.

So ordered.