**Harvey K. McARTHUR, Patrick O'Reilly, Miami Socialist Workers' 1985 Campaign, J. Doe, individually, and on behalf of all others similarly situated, R. Roe, individually, and on behalf of all others similarly situated, and S. Soe, individually, and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**George FIRESTONE, individually, and as Secretary of State, State of Florida, Dorothy W. Glisson, individually, and as Deputy Secretary of Elections, L. Haldane Taylor, Sylvia Boothby, Carol B. Chira, Eugene A. Crist, Dr. Robert Huckshorn, Dr. Anne E. Kelly, and Issac Withers, individually, and as members of the Florida Elections Commission, and Matty Hirai, individually, as City Clerk of the City of Miami, Defendants.**

No. 85–3070–Civ.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 11, 1988.

Steven P. Maher, University of Miami School of Law, Coral Gables, Fla., for plaintiffs.

George L. Waas, Counsel of Div. of Elections, Tallahassee, Fla., for defendants.

### ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY CLASS

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before the court upon plaintiffs' motion for class certification. Plaintiffs filed this action seeking declaratory and injunctive relief against the enforcement of certain recordkeeping,

reporting, and disclosure provisions of the State of Florida's election laws. Plaintiffs are persons or entities associated with the Socialist Worker's Party. Plaintiffs' claim that forced disclosure pursuant to Florida's election laws will have a chilling effect on the exercise of plaintiffs' constitutional rights. Defendants are various State of Florida officials in charge of elections. Plaintiffs are seeking to have three separate classes certified for this action.

First, plaintiffs allege that J. Doe should represent those who have contributed to Harvey K. McArthur's campaign for Mayor of Miami Beach. J. Doe represents 17 other contributors to Mr. McArthur's campaign.

Second, plaintiffs allege that R. Roe should be certified as the class representative of the class of persons who have not contributed to the campaign of Harvey K. McArthur only because of threats, harassment, reprisal, intimidation, and/or exposure to violence which they allege would result if the defendants required disclosure of such campaign contributions. The number of members of this class is not known.

The third class of plaintiffs is to be represented by S. Soe, a person to whom an expenditure has been disbursed by the mayoral campaign of Harvey K. McArthur. There are 17 recipients of campaign funds, hence, there are 17 members of the S. Soe class.

### I. No need exist for a class action.

The court finds that there is no need for class certification in this action. The court's review of the case law indicates that, in addition to the requirements set forth in Fed.R.Civ.P. 23(a) and (b), a district court should ask itself whether the need for the class exists to offset the concommitant expense and complexities associated with class action suits. *See* 7B Wright, Miller & Kane, Federal Practice and Procedure 1785.2. This is especially important in this case where problems of notification, discussed more fully below, create practical and constitutional difficulties.

The relief sought here is to enjoin the defendants from forcing the campaign of

Harvey K. McArthur to disclose the names of contributors, potential contributors, and recipients of campaign funds. The plaintiffs, J. Doe, R. Roe, and S. Soe, have standing to challenge the alleged constitutional violations. Should the plaintiffs prevail, the court's injunction would apply to the plaintiffs and the putative class members. There no benefit to having a class when "there is no reason to doubt that the defendants would accord to all members of the proposed class the benefits of any judgment accorded the plaintiff[s]." *Kow v. New York City Housing Authority,* 92 F.R.D. 73, 74 (S.D.N.Y.1981) (citations omitted). This is especially applicable in this case where a court injuction would prevent any disclosure whatsoever benefiting both plaintiffs and the putative class.

### II. Notice considerations.

The court is especially troubled about certifying the putative classes where the notification to class members may undermine the thrust of the lawsuit. Giving notice to the class members may cause the disclosure of the names of the class representatives and putative members of the class. Although notification is not absolute under a Rule 23(b)(2) class, this court has no way of divining whether all the interests of all the putative members is properly represented by the class representative or if there is a class member who might choose to opt-out.

The effect of certifying this class and respecting the thrust of plaintiffs' complaint would preclude giving notice to the putative members of the class, but would bind them to the judgment of this action. This court finds that such a result would not comport with basic notions of due process, therefore, certification must be denied on this basis also. *See generally* Wright, Miller, and Kane, Federal Practice and Procedure, § 1786; *Alexander v. Avco Corp.,* 380 F.Supp. 1282, 1284 (M.D.Tenn.1974) (district court refused to certify a class in a civil rights case where no notice was given).

Accordingly, after a careful review of the record, and the Court otherwise being fully advised, it is

ORDERED and ADJUDGED that plaintiffs' motion for class certification be, and the same is hereby, DENIED.