ACCESS NOW INC. and Edward S. Resnick, Plaintiffs,

v.

WALT DISNEY WORLD COMPANY, a Delaware Corporation, Walt Disney Parks and Resorts, LLC, a Florida limited liability company, Walt Disney World Hospitality & Recreation Corporation, a Florida Corporation and Lake Buena Vista Communities, Inc., a Delaware Corporation, Defendants.

No. 6:00–CV–961–ORL–19C.

United States District Court, M.D. Florida, Orlando Division.

Sept. 26, 2001.

Lance P. Richard, Lance P. Richard & Associates, P.A., Stephen M. Cody, Stephen Cody, P.A., Miami, FL, Matthew W. Dietz, Law Office of Matthew W. Dietz, P.L., Coral Gables, FL, for plaintiffs.

Brian C. Blair, Robert S. Fine, Greenberg Traurig, P.A., Orlando, FL, Michael A. Sexton, Greenberg Traurig, P.A., Orlando, FL, for defendants.

### ORDER

FAWSETT, District Judge.

This case is before the Court on the Plaintiffs Access Now Inc., Edward S. Resnick and Scott Duckson's Motion to Certify Class and Memorandum of Law (Doc. No. 31, filed February 2, 2001); Defendants Walt Disney World Company, Walt Disney Parks and Resorts, LLC, Walt Disney World Hospitality & Recreation Corporation and Lake Buena Vista Communities, Inc.'s Response in Opposition to Plaintiffs' Motion to Certify Class and Defendants' Motion to Strike Class Action Allegations (Doc. No. 41, filed April 23, 2001).

### BACKGROUND:

Plaintiffs Access Now Inc. and Edward S. Resnick [1] ("Plaintiffs") bring suit against Defendants Walt Disney World Company, Walt Disney Parks and Resorts, LLC, Walt Disney World Hospitality & Recreation Corporation and Lake Buena Vista Communities, Inc. ("Defendants") for disability discrimination under Title III of the Americans with Disabilities Act ("ADA"). *See* (Doc. No. 1). Specifically, the Plaintiffs claim that they have suffered discrimination from the Defendants' failure to remove certain architectural barriers and failure to provide Plaintiffs full and equal access to all of Defendants' goods, services and programs located at all of Defendants' facilities.[2]

Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) Plaintiffs move the Court to certify the case as a class action. Defendants oppose Plaintiffs' Motion to Certify and have also moved to strike the class action allegations in the Complaint. *See* (Doc. No. 41). On September 24, 2001, the Court held an evidentiary hearing on Plaintiffs' motion to certify and after considering the parties' memoranda and the evidence presented at the hearing, the Court finds that the action shall not be certified as a class action.

### LEGAL ANALYSIS:

#### Rule 23(a) Requirements

In order to obtain class certification, the Plaintiffs must demonstrate that the proposed class meets the general class certification requirements set forth in Rule 23(a) of the Federal Rules of Civil Procedure. *See Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir.1984). Rule 23(a) includes the following prerequisites to class certification:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class [commonality], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality], and (4) the representative parties will fairly and adequately protect the interests of the class.

*Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir.1992) (quoting Fed.R.Civ.P. 23(a)).

A proposed class seeking injunctive relief, as the Plaintiffs are in this case, must also satisfy Rule 23(b)(2) by demonstrating that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

Class action determinations under Rule 23 should be based on allegations set forth in the complaint, accepted as true, and not upon inquiry into the merits of Plaintiffs' claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Although Plaintiffs need not prove the merits of their claims at this stage, they must provide more than bare allegations that the requirements of Rule 23 are satisfied. *See id.* Courts should examine "the factors necessary to. a reasoned determination of whether a plaintiff has met [his] burden of establishing each of the Rule 23 class action requirements." *Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir.1984).

---

1. Scott Duckson was previously a Plaintiff in this action, but has recently been voluntarily dismissed. *See* (Doc. No. 50).

2. The Defendants' facilities at issue include fifteen hotels, two theme parks and a monorail system. *See* (Doc. No. 1, at 7–117).

Defendants maintain that the Plaintiffs have failed in their burden to establish all four requirements under Rule 23(a) and the required showing under Rule 23(b)(2). *See* (Doc. No. 41). The Court finds that the Plaintiffs have failed to satisfy their burden to properly define the class and show numerosity and commonality.

### Identification of Class and Numerosity

To meet the numerosity requirement, the Plaintiff must establish that the class is so numerous that joinder is impracticable. Fed. R. Civ. 23(a). The Plaintiff does not need to prove the exact size of the proposed class. *See Anderson v. Bank of South, N.A.*, 118 F.R.D. 136, 145 (M.D.Fla.1987). However, "mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1762 (2nd ed.1986); *see also Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir.1983) (noting that "mere allegations of numerosity are insufficient to meet this prerequisite ..."). Furthermore, Local Rule 4.04 requires a plaintiff seeking certification of a class to provide a "detailed description or definition of the class (and sub-classes if any), and the number of persons in the class." Local Rule 4.04(b); *see also Colorado Cross–Disability Coalition v. Taco Bell Corporation*, 184 F.R.D. 354, 356 (D.Colo.1999)(finding that although not specifically mentioned in Rule 23, an "essential prerequisite of an action under Rule 23 is the existence of an identifiable class").

■ The Plaintiffs in this case have failed to properly allege the existence of an identifiable class. The Plaintiffs' Complaint contains the class action allegation that there are "in excess of 3 million persons in Florida with disabilities, of which over 93,000 are wheelchair users." Additionally, in each "wherefore" section of the Complaint, the Plaintiffs ask the Court to certify the class of "all disabled persons in Florida." *See* (Doc. No. 1, at 10, 17). Furthermore, the Plaintiffs' Motion to Certify Class refers to Cen-

sus data and states that there are over 43 million Americans with disabilities, and the Motion again repeats the 3 million and 93,000 numbers relevant to Florida.[3]

In both the Complaint and the Plaintiffs' Motion to Certify the Plaintiffs have failed to offer a detailed definition or description of the proposed class. *See Colorado Cross–Disability Coalition*, 184 F.R.D. at 356 (certifying class of persons who use wheelchairs and scooters in an action against a fast food chain for failing to comply with ADA); *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 460 (N.D.Cal.1994)(certifying a class of disabled persons who used wheelchairs or who walked using aids that sought removal of architectural barriers in theaters pursuant to ADA). The Plaintiffs have also failed to define the term "disabled" which would prevent the Court from determining if an individual was a member of the proposed class. The Plaintiffs' unqualified use of the term "disabled" is insufficient to properly define the class as the term has different meanings under the Census definition and the ADA definition. *Compare* Census Bureau Data on Disability at *http://www.census.gov/hhes/www/disable/intro.html* with 28 C.F.R. § 36.104. The vagueness of the class allegations make it likely that persons with different disabilities might have conflicting claims if they were swept into one large class without parameters. Additionally, the Plaintiffs have not sufficiently limited the class to a particular group of disabled individuals that may have experienced discrimination at the Defendants' facilities during a particular time period. Thus not only might the individual members of the class have conflicting claims, but also the defenses to such claims may differ, such as the defense of the statute of limitations.

### Commonality:

■ Subpart (a)(2) requires that there be questions of law or fact common to the class. The Plaintiffs allege that the Defendants have a corporate policy of violating the ADA. However, Plaintiffs' conclusory allegations

---

**3.** The vague recitation of disability statistics and the improperly defined class precludes the Court from making a finding on the numerosity of the class.

are insufficient to establish the element of commonality.

The lack of commonality of the architectural features of Defendants' facilities also weighs against class certification. The parties do not dispute that the Defendants' facilities each possess a unique architectural style. Furthermore, the facilities were each constructed at different times, some predating the ADA, some built after the ADA and some having been remodeled since the ADA. The individualized nature of these facilities and the failure of the Plaintiffs to sufficiently allege the existence of a common discriminatory practice preclude a finding of commonality. *See Colorado–Cross–Disability Coalition v. Taco Bell Corp.,* 184 F.R.D. 354 (D.Colo.1999)(granting class certification to plaintiffs that alleged a uniform design flaw common to all of defendants' restaurants); *see also Access Now, Inc. v. Burdines,* Case No. 99–3214–CIV–JORDAN (S.D.Fla.2001); *Access Now, Inc. v. The May Department Stores Co.,* Case No. 00–0148–CIV–MORENO (S.D.Fla.2000).

▋ Finally, the Court finds that class certification in this action is unnecessary. The Plaintiffs are only seeking injunctive relief which, if granted, would necessarily benefit all other potential class members. *See Hall v. Burger King Corp.,* 1992 WL 372354 (S.D.Fla.1992); *see also McArthur v. Firestone,* 690 F.Supp. 1018, 1019 (S.D.Fla. 1988). The complexity and expense of a class action is not necessary in this case as the Plaintiffs may achieve by injunction all relief which would inure to similarly situated persons without the necessity of class certification.

Furthermore, Plaintiffs have also attempted to seek relief through a class action for alleged ADA violations involving hearing impairment, accommodations for the blind and possibly other disabilities. Plaintiff Resnick has a mobility impairment and admittedly has not experienced discrimination due to the alleged existence of ADA violations involving hearing impairment and blindness. The Plaintiffs may not, through the vehicle of a class action or in a non-class suit, seek relief for alleged ADA violations which the individual Plaintiff Resnick could not have experienced. *See Steger v. Franco,* 228 F.3d 889 (8th Cir.2000); *Parr v. L & L Drive–Inn Restaurant,* 96 F.Supp.2d 1065 (D.Hawai'i 2000); *Resnick v. Magical Cruise Company, Limited,* 148 F.Supp.2d 1298, 1301 (M.D.Fla. 2001); *Access Now. Inc. v. South Florida Stadium Corp.,* 161 F.Supp.2d 1357 (S.D.Fla. 2001). Therefore, the claimed class is overbroad in this regard.

As the Plaintiffs have failed to carry their burden in establishing the elements of Rule 23(a) for certification of a class, the Court finds that this case will not be certified as a class action.

Based on the foregoing, the Court **RULES** as follows:

1) Plaintiffs Access Now, Inc. and Edward Resnick's Motion to Certify Class (Doc. No. 31) is **DENIED**.

2) Defendants Walt Disney World Company, Walt Disney Parks and Resorts, LLC, Walt Disney World Hospitality & Recreation Corporation and Lake Buena Vista Communities, Inc.'s Motion to Strike Class Allegations (Doc. No. 41) is **GRANTED**.