In the Matter of NEW YORK STATE ASSOCIATION OF HOMES AND SERVICES FOR THE AGING, INC., et al., Respondents-Appellants, v CESAR PERALES, as Commissioner of Social Services of the State of New York, et al., Appellants-Respondents.

Third Department, April 30, 1992

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Clifford A. Royael* and *Peter H. Schiff* of counsel), for appellants-respondents.

*Tobin & Dempf (David A. Ruffo* of counsel), *O'Connell & Aronowitz* and *Sherrin & Glasel* for respondents-appellants.

**OPINION OF THE COURT**

WEISS, J. P.

Petitioners are State-wide associations whose members operate nursing homes. They have challenged an emergency promulgation implemented by regulation which reduced Medicaid rates for "bed holds" at the medical facilities operated by their members. By amendments to 18 NYCRR 360-7.10 and 505.9, the Department of Social Services reduced the established cost-based medical facility per diem Medicaid rate for reserved bed days* to 85% of the regular per diem rate. Without reaching the many underlying substantive issues raised by petitioners, Supreme Court determined that the regulations were improperly adopted on an emergency basis by finding that a long simmering fiscal crisis within the State budget was not an emergency contemplated by State Administrative Procedure Act § 202 (6). Respondents have conceded that Supreme Court properly found petitioners' entitlement to that determination by withdrawal of their appeal. It is petitioners who are now pursuing their cross appeal from that part of the judgment which denied their ancillary request for monetary relief. Petitioners sought repayment to their members of that portion of the restored Medicaid rate withheld or recouped by respondents pursuant to the invalidated regulation. Supreme Court denied this relief, finding that the moneys sought for petitioners' members were not incidental to a CPLR article 78 proceeding.

Monetary damages, if incidental to the relief sought against the administrative act of a board or officer, may properly be awarded to a petitioner in a CPLR article 78 proceeding *(Matter of Gross v Perales,* 72 NY2d 231, 237). Associations have standing to challenge administrative acts which adversely affect their members *(Matter of Dental Socy. v Carey,* 61 NY2d 330, 333). The sole issue here is whether the petition-

---

* The Medicaid program obligates participating facilities, under certain circumstances, to reserve beds for patients/residents while they are temporarily away from the facilities.

ing associations, having successfully challenged the administrative regulation, have standing within this article 78 proceeding to seek as incidental relief an order directing respondents to repay to petitioners' members the moneys recouped and withheld as a result of and pursuant to the invalid regulation. We determine that petitioners have such standing.

We find no substantive difference between the situation here with that in *Health Care Plan v Bahou* (61 NY2d 814). There, the Court of Appeals fashioned incidental monetary relief by directing the respondent, the President of the Civil Service Commission, to reimburse the nonparty subscribers of the petitioner, a health maintenance organization, directly for overcharges in premiums previously collected *(see, supra,* at 816-817). Similarly, retroactive adjustments to the Medicaid rates charged Medicaid subscribers have been directed without challenge in proceedings by associations petitioning on behalf of their members *(see, New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 165; *Matter of Hospital Assn. v Axelrod,* 165 AD2d 152, 154, *lv denied* 78 NY2d 853). In *American Assn. of Bioanalysts v Axelrod* (130 AD2d 889, *lv dismissed* 70 NY2d 927), this court affirmed as proper ancillary relief an order directing the Commissioner of Health to refund the fees paid by clinical laboratories pursuant to an invalid fee schedule when the individual requests by members of the association for refunds had been denied.

The appropriate procedure for seeking incidental monetary relief is a CPLR article 78 proceeding *(Matter of Rye Psychiatric Hosp. Center v State of New York,* 177 AD2d 834, 835). Neither the relief requested by petitioners nor the claims asserted by them require the participation of the individual members any more than the subscribers in *Health Care Plan v Bahou (supra).* Accordingly, respondent Commissioner of Social Services should be directed to recompute the per diem rate used for reserve beds and to restore to the nursing homes that portion of the Medicaid rate withheld or recouped as a result of application of the invalid emergency regulation.

MIKOLL, MERCURE and CREW III, JJ., concur.

Ordered that the judgment is modified, on the law, with costs to petitioners, by deleting the last decretal paragraph thereof; matter remitted to respondent Commissioner of Social Services for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.