[633 NYS2d 765]

In the Matter of JOSE BAEZ, Respondent-Appellant, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, et al., Appellants-Respondents.

In the Matter of CESAR CESPEDES, Respondent, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, et al., Appellants.

DOROTHY LINTON, Appellant, v MICHAEL J. DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents.

VIRGEN AYALA, Appellant, v MICHAEL J. DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents.

First Department, October 24, 1995

---

### APPEARANCES OF COUNSEL

*Jill Ann Boskey* of counsel *(Wayne G. Hawley,* attorney), for respondent-appellant, and Cesar Cespedes, respondent.

*Cherie H. Howard* of counsel *(Cherie A. Gaines,* attorney), for Dorothy Linton and another, appellants.

*Carol Schechter* of counsel *(Dennis C. Vacco, Attorney-General,* attorney), for New York State Department of Social Services, respondent.

*Alan G. Krams* of counsel, New York City *(Kristin M. Helmers* and *Pamela Seider Dolgow* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for New York City Department of Social Services, respondent.

### OPINION OF THE COURT

ROSENBERGER, J.

Supplemental Security Income (SSI) is a Federal program which was enacted in 1972 to provide financial assistance to the aged, blind, and disabled (42 USC §§ 1381-1383). Congress designed SSI to provide uniform Federal cash assistance, replacing former State-administered programs affording similar, but less comprehensive relief to the same population of qualified recipients. Because the processing of an SSI application often takes a substantial period of time, however, many States, such as New York, have retained their own programs to provide financial assistance to SSI applicants during the pendency of the processing of their Federal applications[1].

Federal legislation provides for the reimbursement of such interim benefits under the legislative authority of the Interim Assistance Program (IAP; 42 USC § 1383 [g]). In order for a

---

1. New York's interim assistance program, entitled "Interim Home Relief" (IHR) is codified as Social Services Law § 157 *et seq.*

State or its political subdivision to receive IAP reimbursement, two prerequisites must be met: (1) the State must enter into a reimbursement agreement with the Secretary of Health and Human Services; and (2) the Secretary must receive written authorizations from the SSI applicants allowing the withholding of benefits due to an SSI recipient and the payment to the State or subdivision thereof of an amount sufficient to reimburse it.

New York State's agreement with the Secretary of Health and Human Services, and the regulations promulgated thereunder, require all interim assistance applicants to sign an authorization which permits the Secretary to send the applicant's initial SSI payment[2] directly to the local social services district for processing of reimbursement for interim assistance (18 NYCRR 370.2). Within 10 working days after receipt of the SSI check, the local social services district is required to send the recipient an accounting of the amount deducted for reimbursement of interim assistance, and the excess, if any, of the SSI check over the amount of interim assistance must be sent to the recipient (42 USC § 1383 [g] [4] [A]; 20 CFR 416.1910; 18 NYCRR 353.2 [c] [4]). Neither Federal nor State statute or regulation provides a sanction for noncompliance with this 10-day rule.

■ The petitioners are four recipients of Supplemental Security Income, who, prior to their receipt of SSI, applied for and received interim assistance from the New York City Department of Social Services. In each of the four cases, the City Commissioner failed to process the SSI reimbursements within 10 days, and each of the four petitioners brought an appropriate administrative challenge to the retention of funds. The specifics of each case are described below.

### Matter of Baez v Bane

Petitioner Baez applied for, but was denied, SSI in 1984. He reapplied in October 1988, and was determined disabled as of June 10, 1986. During the period which was eventually covered by retroactive SSI, Mr. Baez was paid $11,521.49 in interim as-

---

2. A related controversy recently resolved by the Court of Appeals in favor of the SSI recipient was whether 18 NYCRR former 370.7 (a) (2) (see, 18 NYCRR 353.2) authorized recoupment of IHR benefits solely from the amount initially determined to be due to a recipient, or whether recoupment could also be taken from later corrective payments. Applying a strict statutory construction, the Court of Appeals held that the locality's right to reimbursement was limited to recoupment from a payment of the amount initially determined to be due (*Matter of Rodriguez v Perales*, 86 NY2d 361).

sistance. On December 12, 1989, the City Commissioner received an SSI check for $8,953.65, to cover the period June 10, 1986 to March 31, 1988. Eight days later, on December 20, 1989, the City Commissioner issued a notice informing Mr. Baez that this entire check was being retained as reimbursement for $11,379.67 in interim assistance received. On December 20, 1989, the City Commissioner received an SSI check for $8,827.19, the remainder of Mr. Baez's retroactive benefits. Eleven days later, the City Commissioner issued a notice informing Mr. Baez that it was also retaining the entire check as reimbursement for $11,521.49 of interim assistance received between June 1986 and December 1989. On February 7, 1990, the City Commissioner rectified this error by sending Mr. Baez $6,407.90 along with an explanatory note.

Later, Mr. Baez was found eligible for SSI benefits retroactive to September 1980. On May 26, 1992, the City Commissioner received a check for $8,062.96; notice of partial retainer of this check was sent to Mr. Baez 18 days later. On May 27, 1992, the City Commissioner received two checks for Mr. Baez's SSI in the amounts of $7,998.02 and $7,917.57; notices of partial retainer for these checks were sent to Mr. Baez 17 days later.

An adjustment was made during the administrative hearing by which Mr. Baez was paid an additional $1,701.97.

### Matter of Cespedes v Bane

Mr. Cespedes applied for SSI in May 1988. He was granted Federal cash assistance in March 1992, retroactive to May 1988. During that time, Mr. Cespedes had been granted interim assistance in the amount of $14,085. On May 15, 1992, the City Commissioner received $6,399.03 in retroactive SSI benefits for Mr. Cespedes. Seventeen working days later, the City Commissioner informed Mr. Cespedes that the entire check had gone to interim assistance reimbursement. On May 13, 1992, the City Commissioner received a check for $6,399.03, and on May 18, 1992, the City Commissioner received an additional check of $8,076.82 for retroactive SSI benefits. On June 9, 1992, the City notified Mr. Cespedes that it was keeping the entire first check and all but $390.85 of the second check as reimbursement for $14,085 paid in interim assistance during the period September 1988 to May 1992.

### Linton v Dowling

Ms. Linton applied for SSI in December 1990. The City Commissioner deducted $508 from a check issued in November

1992, 12 days after the State Commissioner had issued it, and $5,783.25 from a second check, 11 working days after the State Commissioner had issued it, refunding $3,930 to Ms. Linton.

### Ayala v Dowling

Ms. Ayala also received Interim Home Relief from 1989 to 1992, during the pendency of the processing of her Federal SSI application. Two checks for her retroactive SSI benefits were later forwarded to the City Commissioner. One, received by the City Commissioner on September 22, 1992, totalled $6,977. The second, received by the City Commissioner on September 28, 1992, was for $9,720.55. On October 15, 1992, 17 working days after receiving the first check, and 13 working days after receiving the second check, the City Commissioner notified the petitioner that the home relief payments advanced to her totalled $11,601.78, and that she was entitled to receive $5,095.77 in excess payment from the two SSI checks.

All four petitioners brought administrative challenges to the retention of funds for more than 10 days. In each case, the State Commissioner of the Department of Social Services[3] rendered a decision, after fair hearing, upholding the actions of its subsidiary, the City Department of Social Services, in retaining the SSI funds beyond the prescribed period.

Each petitioner separately brought a CPLR article 78 petition challenging the adverse agency determination. In *Matter of Baez v Bane*, the trial court granted the petition to the extent of annulling the State Commissioner's determination, and granting the petitioner a full refund of all SSI payments held by the City Department of Social Services for more than 10 working days. The Supreme Court did not award Mr. Baez attorneys' fees or interest. In *Matter of Cespedes v Bane* the Supreme Court granted the article 78 petition to the extent of annulling the State Commissioner's decision, and also awarded Mr. Cespedes attorneys' fees, but not interest. In both *Linton v Dowling* and *Ayala v Dowling*, the Supreme Court denied the petition and upheld the State Commissioner's determination. This consolidated appeal ensued.

The issue before this Court is whether the decision of the Commissioner of the Department of Social Services in each of these cases, that a violation of the 10-day rule by its subsidiary

---

3. Mary Jo Bane was the State Commissioner during the *Baez* and *Cespedes* proceedings; Michael J. Dowling was the State Commissioner during the *Linton* and *Ayala* proceedings.

does not require that the full amount of all checks which are not processed in a timely fashion be forwarded to the SSI recipient, is a rational interpretation of the statute and its implementing regulations (*see, e.g., Matter of Hill v Perales*, 78 NY2d 351, 354, *rearg denied* 79 NY2d 823; 42 USC § 1383 [g] [4]; 20 CFR 416.1910; 18 NYCRR 353.2 [c] [4]).

A class action brought over 10 years ago in a Federal court to challenge the agency's failure to adhere to this same 10-day rule is instructive in making this evaluation (*see, Rivers v Schweiker*, 523 F Supp 783). In *Rivers* (*supra*, at 789), the United States District Court for the Southern District of New York held that: "So long as the law allows a maximum of ten days within which to process plaintiffs' checks, it is this court's duty to hold the defendants to that obligation. Whether or not the NYCDSS is able to reimburse itself within the ten day period, it must comply with the law and forward the SSI check to the individual upon the expiration of ten working days."

*Rivers* was decided in 1981, and at that point in time the District Court declined to go so far as to require a refund of the entire amount of checks held longer than 10 days. Instead, it issued an unconditional order that the agency process checks and forward any excess over reimbursement amounts to plaintiffs within the statutory period (*supra*). On appeal, the Court of Appeals for the Second Circuit also declined to order a refund. That Court noted that its power to intervene was limited to cases where there was no reasonable basis for the trial court's discretionary determination of an effective remedy (*Rivers v Schweiker*, 692 F2d 871, 874, *cert denied sub nom. Rivers v Blum*, 460 US 1088). It concluded that its interference would be inappropriate, finding a reasonable basis for the remedy of an unconditional order of compliance, especially since a system had been set up to monitor the agency's future adherence. The Circuit Court also noted that plaintiffs could avail themselves of rule 70 of the Federal Rules of Civil Procedure if, in the future, the agency continued to thwart the trial court's mandate, because rule 70 "permits the court upon application of a party to divest title in property within the jurisdiction of the court and vest it in others" (*supra*, at 874).

Over 10 years later, this Court is presented with four examples of the agency's continued neglect of its duty to process reimbursement checks within the statutory period. For the petitioners, the delay in receiving their SSI checks often means foregoing the basic necessities of life. Analogizing the plight of the petitioners herein to those faced with a recalci-

trant agency in *Rivers*, for whom the Second Circuit prescribed rule 70 relief divesting the agency of its right to the subject property, we hold that a refund of the full amount of any SSI check held more than 10 days is appropriate.

The State's right to reimbursement under IAP is a discrete exception to the general rule that SSI benefits may not be attached, and the parameters of this exception are to be strictly construed in favor of the recipient (42 USC §§ 407, 1383 [d] [1]). The Court of Appeals recently reiterated the "strong underlying Federal policy forbidding attachment of SSI benefits without express legislative authority", in holding that the State's right to reimbursement of IHR benefits is limited to recoupment from the first retroactive payment, but not from later corrective retroactive payments made to an SSI recipient (*Matter of Rodriguez v Perales*, 86 NY2d 361, 368, *supra*). The pertinent section of the IAP at issue here affords the local agency a narrow 10-day window, within which it may legally retain an individual's SSI benefits and withdraw therefrom its reimbursement for interim assistance. The language of the applicable statutory sections is mandatory (*see*, 42 USC § 1383 [g] [4] [a] ["state * * * shall pay * * * as expeditiously as possible, but *in any event* within ten working days" (emphasis added)]; *see also*, 18 NYCRR 353.2 [c] [4] ["(w)ithin 10 working days * * * the social services district *must* send the balance of the initial payment, if any, to the recipient" (emphasis added)]). Where the 10-day window is exceeded, the government must be divested of the right to possess any portion of the recipient's Federal entitlement, which will then be forwarded to the beneficiary in full.

Although we find that each of the four petitioners is entitled to an annulment of the decision of the State Commissioner and a refund of all funds held longer than 10 days (*see, New York State Assn. of Homes & Servs. for Aging v Perales*, 179 AD2d 296), we decline to award attorneys' fees under either CPLR 8601 (a) or 42 USC § 1988.

Under CPLR article 86 (The Equal Access to Justice Act) the prevailing party in a civil action against the State shall be awarded fees, unless a determination is made by the court that the position of the State was "substantially justified" (CPLR 8601 [a]). The conclusion that the State's position was justified can be made even though the court concludes that it was not the correct interpretation of the law (*see, Pierce v Underwood*, 487 US 552, 565).

Although we disagree with the State's position with respect to the retention of SSI funds for more than 10 days, we

find it substantially justified, because no express statute, regulation, or court order mandated return of all funds held longer than 10 days at the time that these petitions were filed. Similarly, petitioners are not entitled to attorneys' fees under 42 USC § 1988 because there was no issue of Federal constitutional dimension raised in this article 78 proceeding.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Richard Lowe, J., upon decision of Peter Tom, J.), entered April 14, 1994, which granted petitioner Jose Baez's article 78 petition to the extent of annulling a decision by the State Commissioner denying petitioner a refund of SSI funds held by the City Commissioner and directed a refund, but denied petitioner interest and attorneys' fees, should be affirmed, without costs.

The order and judgment (one paper) of the Supreme Court, New York County (Lewis Friedman, J.), entered on or about March 16, 1994, which granted petitioner Cesar Cespedes' amended article 78 petition to the extent of annulling a decision after fair hearing of respondent State Commissioner upholding the decision of respondent City Commissioner to retain certain SSI disability benefits due to petitioner, and adjudged petitioner a prevailing party entitled to attorneys' fees under State and Federal provisions, but denied petitioner interest, should be modified, on the facts, to the extent of striking the award of attorneys' fees, and otherwise affirmed, without costs.

The order of the Supreme Court, New York County (Robert Lippman, J.), entered January 5, 1994, which denied the article 78 challenge brought by petitioner Dorothy Linton to a decision after fair hearing of the State Commissioner that the City Commissioner was entitled to retain a portion of petitioner's SSI payments held more than 10 days, should be reversed, on the law, without costs, the petition granted, and the decision of respondent City Commissioner to retain certain SSI disability benefits due to petitioner annulled and a refund directed.

The order of the Supreme Court, New York County (Walter Schackman, J.), entered March 15, 1994, which denied the article 78 challenge brought by petitioner Virgen Ayala to a decision after fair hearing of the State Commissioner that the City Commissioner was entitled to retain a portion of petitioner's SSI payments held more than 10 days, should be reversed, on the law, without costs, the petition granted, and the decision of respondent City Commissioner to retain certain SSI disability benefits due to petitioner annulled and a refund directed.

The unpublished decision and order of this Court entered on August 3, 1995 is hereby recalled and vacated. See motion decided simultaneously herewith.

MURPHY, P. J., RUBIN and MAZZARELLI, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered April 14, 1994, affirmed, without costs.

Order and judgment (one paper), Supreme Court, New York County, entered on or about March 16, 1994, modified, on the facts, to the extent of striking the award of attorneys' fees, and otherwise affirmed, without costs.

Order, Supreme Court, New York County, entered January 5, 1994, which denied the article 78 challenge brought by petitioner to a decision after fair hearing of the State Commissioner that the City Commissioner was entitled to retain a portion of petitioner's Supplemental Security Income payments held more than 10 days, reversed, on the law, without costs, the petition granted, and the decision of respondent City Commissioner to retain certain SSI disability benefits due to petitioner annulled and a refund directed.

Order, Supreme Court, New York County, entered March 15, 1994, which denied the article 78 challenge brought by petitioner to a decision after fair hearing of the State Commissioner that the City Commissioner was entitled to retain a portion of petitioner's Supplemental Security Income payments held more than 10 days, reversed, on the law, without costs, the petition granted, and the decision of respondent City Commissioner to retain certain SSI disability benefits due to petitioner annulled and a refund directed.

Motion for reargument denied; motion for revision or amendment granted to the extent of recalling and vacating the unpublished decision and order of this Court entered on August 3, 1995 and substituting therefor a new decision and order released simultaneously herewith.