*5
 
 OPINION OF THE COURT
 

 Bellacosa, J.
 

 The common question in these appeals is whether appellants, New York City and New York State Department of Social Services, forfeit all reimbursement with respect to Supplemental Security Income (SSI) retroactive benefit checks because of administrative delays of one to seven days, beyond the statutorily prescribed 10-day period, in forwarding excess benefit refunds to recipients. In the four cases before us, the Appellate Division held that the City and State lost reimbursement as to the entire sums of interim home relief benefits previously paid by them to the petitioners, because the excess amounts, ultimately transmitted by the Federal Government, were not refunded within the statutorily prescribed 10 working days (42 USC § 1383 [g] [4]). Petitioners, as cross appellants, also sought counsel fees, which the Appellate Division denied.
 

 The Appellate Division granted cross applications for leave to appeal, and we now modify to dismiss the petitions in each case. We hold that forfeiture is not an authorized or appropriate remedy and, therefore, need not reach the counsel fee question.
 

 
 *6
 

 Matter of Baez
 

 Petitioner applied for Federal Supplemental Security Income disability benefits in September 1980. That application was denied in October 1984. He reapplied in October 1988, and in September 1989, the Social Security Administration issued a determination that he was disabled as of June 10, 1986, and was entitled to SSI benefits from that date. Baez appealed the Administration’s determination on the ground that his disability had begun prior to the date determined.
 

 While his applications for SSI benefits were pending, Baez applied for and received interim home relief benefits from the City. As a condition to receiving the interim payments, he was required to complete a written authorization allowing the Social Security Administration to remit SSI benefits later determined to be due to him to the New York City Department of Social Services
 
 (see,
 
 Social Services Law § 158 [a]). The Social Security Administration eventually sent the City Department of Social Services two checks constituting the initial retroactive SSI payment to Baez. The City received the first check in the amount of $8,953.65, on December 12, 1989, and six working days later notified Baez that it was retaining the entire amount of the check as partial reimbursement for the $11,379.67 of interim assistance it had paid to him during the period from June 10, 1986, through December 29, 1989. The City received the second check on December 20, 1989, in the amount of $8,827.19, for the balance of initial retroactive SSI benefits due Baez. Eleven working days later on January 8, 1990, the City notified Baez that it was also retaining the entire proceeds of the second check as reimbursement for previously paid interim home relief. On February 7, 1990, the Department corrected its calculations and sent Baez a check for $6,407.90 as excess proceeds from the second check, along with notices of explanation. Only these payments are in issue, although others were challenged below and are no longer relevant under this Court’s decision in
 
 Matter of Rodriguez v Perales
 
 (86 NY2d 361).
 

 By letter dated July 1, 1992, Baez requested a fair hearing before the New York State Department of Social Services concerning the recovery of amounts in the SSI checks sent to the City in 1989 and early 1990 — the only ones still at issue. The State rejected Baez’s argument that the City lost the opportunity to seek any reimbursement for amounts of interim assistance it had paid because of its failure to remit to him the
 
 *7
 
 balance of SSI benefits in excess of the reimbursable amount within 10 working days (18 NYCRR 353.2 [c] [4]). Baez commenced this CPLR article 78 proceeding seeking to annul the State’s determination. Supreme Court granted the petition, annulled the determination and ordered the City to return all but the initial retroactive SSI benefit check (159 Mise 2d 838).
 

 Matter of Cespedes
 

 Petitioner applied for SSI disability benefits in May 1988, and his application was approved by the Social Security Administration in March 1992, with benefits payable retroactive to May 1988. On May 15, 1992, the City received a check for $6,399.03 in retroactive SSI benefits and on May 19, 1992, the City received a second check for $8,076.82 constituting the balance of retroactive SSI benefits due Cespedes. On June 9, 1992, 17 working days after receiving the first check and 13 working days after receiving the second check, the City gave notice to Cespedes that the entire balance of the first check and all but $390.85 of the second check would be retained as reimbursement for $14,085 in interim assistance the City had paid him during the period September 1988 to May 1992. The State Department of Social Services essentially ruled in favor of the City on Cespedes’ fair hearing application. Cespedes initiated this article 78 proceeding. The trial court held that the City was required to refund the entire amount of retroactively refunded interim relief which it had held more than 10 working days.
 

 Matter of Linton
 

 Petitioner applied for SSI disability benefits in December 1990, and her application was approved in September 1992, with benefits payable retroactive to the date of her application. On November 10, 1992, the City received a SSI benefits check on her behalf for $508 and on November 30, 1992, 12 working days later, gave notice that it was retaining the entire amount of the check as partial reimbursement for the $6,291.25 in interim home relief it had paid her. On December 15,1992, the City received a second SSI benefit check for $9,713.49 and on December 31, 1992, 11 working days later, it notified Linton that it deducted $5,783.25 from this check and refunded to her the excess balance of $3,930.24.
 

 Linton requested a fair hearing in January 1993. She challenged the City’s right to any reimbursement from the first check which she claimed was not subject to levy because it was
 
 *8
 
 not a retroactive payment. She also asserted that the City did not have any right to reimburse itself from the proceeds of the second check because it did not comply with the applicable 10-day limit. The State determined that the City was not required to turn over the entire amount of SSI benefits received just because of the slight delay in payment beyond the prescribed 10 days.
 

 Linton initiated this article 78 proceeding seeking annulment of the State’s determination and a refund of all proceeds the City withheld from the retroactive reimbursement on the ground that its delay beyond the statutory period barred the retention of any amount of previously paid interim assistance. Supreme Court denied the petition holding that she was not entitled to a duplicative recovery based solely on the City’s slight delay in processing the reimbursement.
 

 Matter of Ayala
 

 Petitioner received interim home relief benefits from July 1989 through June 1992, during which time her application for SSI disability benefits was pending. Following approval of her application for SSI benefits retroactive to July 1989, the Social Security Administration forwarded two SSI benefit checks to the City. The first check, for $6,977, was received on September 22, 1992, and the second check, for $9,720.55, representing the balance of retroactive SSI benefits, was received on September 28, 1992.
 

 On October 15, 1992, 17 working days after receiving the first check and 13 working days after receiving the second check, the City notified Ayala that the home relief payments advanced to her during the pendency of her application for Federal benefits totaled $11,601.78, and that she was entitled to a refund of $5,095.77 as an excess payment from the two SSI checks. Ayala requested a fair hearing seeking a refund of the entire SSI reimbursement benefits retained by the City due to its failure to refund the excess benefits within 10 working days. The State rejected the argument. Ayala commenced this article 78 proceeding seeking to annul the State’s determination. Supreme Court dismissed the petition holding that there was no statutory authorization for forfeiting the City’s right to reimbursement based merely on its failure to make the partial refund within 10 working days.
 

 I.
 

 Following the trial court determinations in these four matters, a consolidated appeal was heard and decided by the Ap
 
 *9
 
 pellate Division (220 AD2d 166). Relying heavily on the Second Circuit Court of Appeals decision in
 
 Rivers v Schweiker
 
 (692 F2d 871 [1982],
 
 cert denied sub nom. Rivers v Blum,
 
 460 US 1088), the Appellate Division held that the City lost reimbursement to any sums when it failed to comply with the 10-working-day limitation in 42 USC § 1383 (g) (4) (220 AD2d, at 173). It also denied the petitioners’ applications for attorney’s fees. The Appellate Division noted that although the Second Circuit did not order forfeiture as a remedy, the City’s continuing failure to comply prospectively with the
 
 Rivers
 
 limited decree during the ensuing 10-year period demonstrated a bureaucratic lapse justifying the forfeiture remedy (220 AD2d, at 172-173).
 

 With respective certified questions, the Appellate Division granted motions for leave to appeal by the City and State as to the grant of the petitions with the forfeiture remedy, and also granted the petitioners’ motions to cross-appeal with respect to the denial of attorney’s fees. We now modify the order of the Appellate Division by dismissing the petitions in all four cases, thus obviating any need to address the attorney’s fees issue.
 

 II.
 

 The City and State concede that they are statutorily required to remit excess refundable SSI benefit payments to SSI recipients within 10 working days. They assert, however, that their failure to do so does not legally effect a forfeiture of the right to appropriate reimbursement for interim home relief payments, actually and already paid to recipients.
 

 The SSI program provides that where a State grants "interim assistance” to applicants awaiting SSI benefits rulings who are later determined to be entitled retroactively to such benefits, the State may be reimbursed from the eventual Federal payment of SSI benefits for the amounts of State-City paid interim assistance during the application period (42 USC § 1383 [g]). To accomplish this protection against what would otherwise constitute double payments, the State must enter into an agreement with the Social Security Administration. The arrangement allows the Social Security Administration to make payments to the State or its political subdivision (New York City in these cases) as reimbursement for the paid interim assistance. When the Federal check is greater than the amount of State interim assistance paid to the recipient, "the State (or political subdivision) shall pay to the individual the balance of such payment in excess of the reimbursable amount as
 
 expeditiously as possible, but in any event within ten working days
 
 or
 
 *10
 
 a shorter period specified in the agreement” (42 USC § 1383 [g] [4] [A] [emphasis added]; see, 20 CFR 416.1910 [b] [1]). The initial SSI benefit payment may be sent directly to the State or local agency upon written authorization from the beneficiary (42 USC § 1383 [g] [1]).
 

 Social Services Law § 211 (5) authorizes the New York State Department of Social Services to enter into agreements with the Federal Government, and such agreements were in effect in these cases. As a condition of eligibility for interim home relief benefits from the State, recipients are required to sign an authorization allowing the Federal agency to pay initial SSI payments directly to the local social services district and allowing the district to recoup any reimbursable interim home relief benefits previously paid to the recipient (Social Services Law § 158 [a]). The petitioners in these cases completed this authorization and the Social Security Administration forwarded the initial SSI payments to the City as previously described.
 

 The petitioners assert that the clear words and policy of this temporal feature of the statute dictate that the City’s failure to refund the excess SSI benefits within 10 working days causes a forfeiture of any reimbursement of any portion of these checks. We conclude that they misread the purport and effect of this aspect of the statute.
 

 The SSI Interim Assistance Reimbursement program was enacted by Congress in 1974 (42 USC § 1383 [g], added by Pub L 93-368 § 5) in response to the Supreme Court’s decision in
 
 Philpott v Essex County Welfare Bd.
 
 (409 US 413). It construed the Social Security Act’s antiattachment provision (42 USC § 407 [a];
 
 see,
 
 42 USC § 1383 [d] [1]) as barring States from recouping payments out of retroactive SSI payments. The purpose of the 1974 amendment was to allow the Federal Government to reimburse States for emergency assistance provided to SSI recipients during the frequently extended Federal application review process
 
 (see,
 
 120 Cong Rec 20,968 [1974] [statement by Senator Taft]). In commenting upon legislation, two years later, to make the reimbursement program permanent (Pub L 94-365), the Congressional Budget office noted that "[i]n the absence of this reimbursement provision, no State would have the incentive to make interim payments” (HR Rep No. 1296, 94th Cong, 2d Sess 3-5, reprinted in 1976 US Code Cong & Admin News 1726, 1729-1730).
 

 This legislative history demonstrates that the plain thrust of the Interim Assistance Reimbursement program was to induce
 
 *11
 
 States to provide temporary assistance to SSI recipients while their benefit applications were being reviewed by Federal administrators
 
 (see, Moore v Colautti,
 
 483 F Supp 357, 363, n 6 [ED Pa 1979],
 
 affd
 
 633 F2d 210). Petitioners concede the lack of any express statutory penalties against State and municipal agencies for failing to timely remit excess reimbursements to SSI beneficiaries within the 10-working-day limitation. Indeed, such a drastic remedy as forfeiture of reimbursement of once-already paid benefits would discourage States from providing interim assistance. Thus, neither the governing statutory language nor the purpose and policy of the statute support petitioners’ argument and the Appellate Division holding. These are highly technical, fiscally nuanced, interlocking programs. Courts should not, in effect, create and promulgate such a remedy for bureaucratic lapses concerning this kind of statutory timing mechanism, when the legislation itself has specified no sanction and certainly none of this breadth and consequence
 
 (see, United States v James Daniel Good Real Prop.,
 
 510 US 43, 63-64).
 

 III.
 

 Petitioners also argue that after the statutory 10-day period has passed, the full SSI retroactive benefit checks "vest” in them. They build this argument on their perception of the holding in
 
 Rivers v Schweiker
 
 (692 F2d 871,
 
 supra).
 
 They urge that
 
 Rivers
 
 stands for the proposition that forfeiture against municipal agents can be an appropriate penalty at this point in the history and administration of this statute and its long-contested entanglements. This argument finds no support in
 
 Rivers
 
 and takes its holding and meaning too far beyond sustainable statutory and juridical limits.
 

 In
 
 Rivers,
 
 members of a class of SSI beneficiaries who had applied for and received interim assistance benefits from the State, challenged, among other practices, the failure of the City and State to make timely refunds of excess SSI benefits over those used to account for dollar-to-dollar reimbursement
 
 (Rivers v Schweiker,
 
 523 F Supp 783, 785 [SD NY 1981],
 
 affd
 
 692 F2d 871,
 
 cert denied sub nom. Rivers v Blum,
 
 460 US 1088,
 
 supra).
 
 The District Court found that the statute was clear and ordered the City and State to process refund checks within the statutory period
 
 (Rivers v Schweiker, supra,
 
 523 F Supp, at 788-789). In reaching its conclusion, the court noted that the record showed that in December 1979, the average processing time for retroactive SSI checks was over 16 days and that only
 
 *12
 
 a little over 1% of checks were processed in a timely fashion
 
 (id.,
 
 at 788).
 

 Contrary to petitioners’ assertion in these four appeals, nothing in the District Court holding in
 
 Rivers
 
 suggests that 42 USC § 1383 (g) (4) was intended to create a "vested right” in SSI beneficiaries to the entire proceeds of retroactive SSI benefits checks upon the mere passage of 10 working days, following their receipt by the City, without payment of the excess nonreimbursable amounts. The very fact that the court in
 
 Rivers
 
 did not deprive the City of reimbursement, as it would have been required to do if it had found that title to the benefits had legally transferred to and vested in the recipients, serves to defeat petitioners’ legal reasoning in this argument. Pointedly, the court instead limited its decree to requiring the City to fulfill its obligation to timely process SSI checks
 
 (Rivers v Schweiker, supra,
 
 523 F Supp, at 789). On appeal, the Second Circuit also rejected the vesting argument now proffered
 
 (Rivers v Schweiker,
 
 692 F2d 871, 874,
 
 supra).
 

 Petitioners lastly urge that the Second Circuit’s affirmance in
 
 Rivers
 
 (692 F2d 871,
 
 supra)
 
 impliedly acknowledges the existence and propriety of the forfeiture remedy. We find no persuasive support or basis for this remedial leap. The court in its decision did not hold or imply that forfeiture was an available remedy under 42 USC § 1383 (g), but rather stated that the plaintiffs in that case had an available remedy under the Federal Rules of Civil Procedure if the City and State are found to be deficient in complying with the District Court order
 
 (Rivers v Schweiker, supra,
 
 692 F2d, at 874). The court noted that there was a "reasonable basis” for the limited injunctive relief granted by the District Court and, therefore, the Federal trial court decision was not disturbed
 
 (id.,
 
 at 874).
 

 Our decision today that the forfeiture remedy granted by the Appellate Division in these cases is unavailable does not mean that petitioners and similarly situated, entitled and aggrieved recipients of public aid are without legal recourse should circumstances not now before us develop and warrant. As the City and State concede, the 10-day time prescription in 42 USC § 1383 (g) (4) is mandatory and should be satisfied. We note also that the City has represented, without contradiction from petitioners’ counsel, that it has been meeting its obligation to refund excess SSI retroactive benefit amounts within the 10-day period. That compliance should continue.
 

 Rivers
 
 remains cogently instructive and precedentially viable. There, the record evidence demonstrated that there was a
 
 *13
 
 consistent failure on the part of the City to make refunds to SSI beneficiaries within the 10-day period. Based on that evidence, the court was able to find that the City had failed systemically and egregiously to comply with the statute. It fashioned a remedy which took into account the interests of all class members, while still giving effect to the statutory purpose
 
 (Rivers v Schweiker,
 
 523 F Supp 783, 788-789,
 
 supra).
 

 The four petitioners here, on the other hand and in effect, seek windfall
 
 damages
 
 in addition to entitlement
 
 benefits.
 
 Such extraordinary relief was not granted in
 
 Rivers
 
 and we are satisfied that it is not warranted on these records. Since the other branches of government have not enacted and directed such a remedy, neither should the courts within this statutory regime and in these circumstances. The finite public purse should not have to suffer such double debits.
 

 Accordingly, the order of the Appellate Division should be modified, without costs, and the petitions dismissed in their entirety and, as so modified, affirmed. The respective certified questions need not be answered as the Appellate Division order is final.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order modified, without costs, by dismissing the petitions in their entirety and, as so modified, affirmed. Certified questions not answered upon the ground that the order appealed from in each proceeding is final and the certified questions are thus unnecessary.